## No. 10,788.

### GABRIEL GARDEMAL VS. JACOB MCWILLIAMS.

Communications in a judicial proceeding are privileged, and no person is liable civilly or criminally in any respect to anything published by him in the course of his duty in said proceeding.

This privilege extends alike to parties, counsel, witnesses, jurors and judges.

The privilege depends in no respect upon the *bona fides* of the defendant.

The occasion on which the communication is made is an absolute privilege and the only questions are whether the occasion existed and whether the matter complained of was pertinent to the occasion.

The plaintiff who sues for damages for slander and libel in a judicial proceeding, must prove malice in fact by showing that the matter complained of was not pertinent to the occasion, and that the defendant acted through hatred, ill will, and a malicious design to injure the plaintiff.

APPEAL from the Twenty-third District Court for the Parish of Iberville. *Talbot, J.*

*Felix Voorhies* and *J. Hamilton Rills* for Plaintiff and Appellant:

1. It is not necessary to allege want of probable cause in action for damages for libel and slander. This is necessary only in cases sounding in damages for malicious prosecution.

2. In an action of slander or libel, the only possible defenses are a denial, a justification or a confession under mitigating circumstances. R. S. 3640; 14 An. 406; 15 An. 36; — An. 469.

3. An answer including all these defenses equivocates, and is utterly inconsistent 10 An. 231; 28 An. 238.

4. There is no such thing as half-way justification, and an apology implies a fault. 38 An. 163; 26 An. 219.

5. The word malice, used in a libel case, does not imply ill-will or personal malice. It means, in such cases, a wrongful act done without just cause or excuse. Ill-will, if shown to exist, serves merely to enhance damages. Nathan Weil vs. M. Israel, 43 An. —.

6. The use of approbrious epithets employed, implies malice, where these are slanderous *per se.* In such a case, an action to recover damages without proving special injury may be maintained. 38 An. 163; 14 La. 198; 12 An. 894; 23 An. 280; 36 An. 469.

7. Although injuries to the feelings and social standing of a person are not susceptible of precise adjustment, still such injuries are recognized as a legitimate ground of action for reasonable indemnity. 38 An. 166; 17 An. 64; 19 An. 194; 23 An. 280; 25 An. 176.

8. Any publication which is false and defamatory, subjects the publisher to damages in favor of the party aggrieved. Printed or written slander being considered more pernicious than verbal slander, and it is not incumbent on the party assailed, to show malice himself, nor to prove that he has been injured. Nathan Weil vs. M. Israel, 43 An. (not yet reported).

9. When the slanderous and defamatory language used is in a petition filed in court, the petitioner can not shield himself from the responsibility accruing from the use of the slanderous and defamatory language by urging of a defense that the language so used was used without malice on his part, and that he did so on the advice of his counsel. 43 An. Weil vs. Israel.

---

*Sims & Goudran* and *A. Talbot* for Defendant and Appellee:

1. Plaintiff's petition does not disclose a cause of action. Defendant's petition in the Michel suit is annexed to and made part thereof. Plaintiff's petition admits that the specific allegations complained of as libelous were made by defendant in the course of judicial proceedings before a court of competent jurisdiction. That the allegations were relevant and pertinent to the issue is not disputed, and the existence of probable cause or reasonable grounds of belief is not negatived by said petition. On the face of the papers, the allegations, charged as being libelous, appear to be in the nature of privileged communications to the court. Therefore the exception of no cause of action ought to have been sustained and the suit dismissed. 33 An. 1266; Am. and Eng. Ency. of Law, Vol. 13, p. 406; 38 Ala. 279; 4 Const. (N. Y.) 91; 127 Mass. 319; Townsend on Libel, Sec. 221; 98 U. S. 187; Odgers on Libel, p. 187; 50 N. Y. 305; 66 Mich. 166; 4 Const. (N. Y.) 91; 127 Mass. 319; 41 Hun. (N. Y.) 254.

2. Defendant's bill of exceptions to the rejection of testimony, offered to show existence of probable cause, was well taken. He had a right to adduce proof of all the facts and surrounding circumstances within his knowledge or within the knowledge of his attorney, at the time of the institution of the suit before the District Court of St. Martin. Hearsay even is sufficient, reasonable and probable cause in the absence of malice. Odgers on Libel, pp. 547, 276, 277, 214; 33 An. 1266, and cases cited.

3. The District Judge correctly ruled in not permitting the opinion of the St. Martin Court in suit 9018 to go to the jury, on the ground of irrelevancy. 3 Rob. 18; 34 Ala. 336; 13 Gray (Mass), 201; 5 La. 318; 98 U. S. 187; 33 An. 1266; 12 An. 335; 6 An. 178. Besides, the judgment had been appealed from suspensively to this court,

4. The allegations in the suit No. 9018, McWilliams vs. Michel and Gardemal, are on the face of the petition, pertinent to the issue, and in the nature of privileged communications to the court, made in the course of judicial proceedings and in the prosecution of a legal right.

To succeed, plaintiff was bound to prove affirmatively, malice and the want of probable cause. In this he has utterly failed. 29 An. 66; 9 Rob. 418; 12 Pickering, 324; 1 Wendell, 140; 4 Mass. 433; 10 Johnson, 106; 13 An. 214; 20 An. 66; 4 Pickering, 389; 8 An. 12; 98 U. S. 187; 2 Pa. 149; Vol. 8, U. S. Digest, 492 Pt. 95; 47 Pa. 194; 33 An. 1366, and cases cited; 13 W. V. 71; Starkie on Slander, 254; 12 An. 333; 9 Rob. 387; 5 An. 714; 15 An. 421; 16 An. 3.

5. The defendant acted without malice, upon reasonable grounds of belief, and upon the advice of his counsel. The verdict of the jury under the circumstance, was strictly in accordance with the jurisprudence of the highest American and English Courts. McLaughlin vs. Crowley, 127 Mass. 319; 3 Metc. (Mass.) 193; 33 An. 1266, and authorities cited; 22 Wend. (Mass.) 410.

---

The opinion of the court was delivered by

McENERY, J. The plaintiff sued the defendant for libel and slander.

The alleged libel and slander is contained in the petition in the suit of Jacob McWilliams vs. Justinien Michel.

The object of the suit was to have declared absolutely null and void a certain tax sale of the plaintiff's property.

The language used is of that character which, if not classed as a privileged communication, malice would be presumed and damages assessed, unless justified by the defendant. It will not be necessary to reproduce the language employed in the petition in said suit of McWilliams vs. Michel.

The defence is that the libel and slander is a privileged communication; that it was used in the petition in said suit without malicious intent, upon the advice of counsel, in the prosecution of his legal rights.

The trial was by jury and there was a judgment and verdict in favor of defendant, from which the plaintiff appealed.

In the suit of McWilliams vs. Michel, out of which grew this suit, the plaintiff alleged that he was the owner of certain property, upon which all the taxes had been paid, and that the sheriff illegally and wrongfully sold the same at tax sale, and adjudicated the same to Michel. That said property was confusedly sold with property belonging to Wilbur & Sons, although he held a distinct title to same, which was known to said sheriff and tax collector, Gardemal.

That he wrongfully adjudicated said property to said Michel, who forcibly got possession of the same through the pretended tax sale.

That his property and that of Wilbur & Sons was sold at said tax sale as the property of Breaux and Duperrier, when said sheriff and tax collector knew that said property was owned by him and Wilbur & Sons. That he knew the taxes had all been paid on said property. That after said sale to Michel, he entered into an agreement with Titus Gardemal, the brother of said Gabriel Gardemal, sheriff and tax collector, to cut down and remove timber from said property.

He alleges that said sheriff, Gardemal, failed to offer said property for sale on the day advertised, because there were many bidders present, and that he postponed said sale to a different day, when it was sold as alleged. In these acts of the sheriff, it is alleged he conspired with his brother, Titus Gardemal, and Justinien Michel, in order, through a pretended tax sale, to get possession of the property of the petitioner.

An injunction was prayed for against Michel, and a judgment was prayed for quieting petitioner in his title to said property.

This is but a brief summary of the many allegations in the petition.

There was evidence introduced on the trial to prove the falsity of the severe charges in the petition.

They may be unfounded and false in fact, and yet defendant may not be responsible in damages for the language used in the petition. In privileged communications the party is protected from the infliction of damages, unless the occasion was used as a means of inflicting a wilful and malicious injury upon the plaintiff.

The occasion on which a privilege communication is made rebuts the inference of malice arising from a statement prejudicial to the character of the plaintiff, and it devolves upon him to prove malice in fact; that the defendant was actuated by motives of personal spite and ill-will independent of the occasion on which the communication was made.

Certain communications are absolutely privileged, and no person is liable either civilly or criminally in respect of anything published by him in the course of his duty in any judicial proceeding. This privilege extends to parties, counsel, witnesses, jurors and judges in a judicial proceeding, to proceedings in legislative bodies, and to all who, in the discharge of public duty or the honest pursuit of private right, are compelled to take part in the administration of justice or

in legislation. Head, Libel and Slander, Sections 90, 103, 110; Newell on Defamation, Slander and Libel, Sections 26, 27, p. 423; Fisk vs. Soniat, 33 An. 1400; Vinas vs. Merchants and Mutual Ins. Co., 33 An. 1165.

In this class of privileged communications, the occasion is an absolute privilege, and the only question is whether the occasion existed and whether the matter complained of was pertinent to the occasion. In judicial proceedings, both criminal and civil, great latitude is allowed parties in the pursuit of private rights, or the prosecution of crimes. Public order necessarily requires this latitude. What, then, is alleged in a judicial proceeding in the effort to enforce a private right is not to be judged by technical rules. The party attempting to enforce his right may be mistaken in his remedy; he may use language which could have been avoided. But after all, the question is one of intent.

"Intent makes the libel in such a case; strong words do not." Klinch vs. Colby, 46 N. Y. 434.

If the occasion exists on which the privileged communication is made, and the matter is pertinent to the occasion, it supplies an absolute defense and depends in no respect upon the *bona fides* of the defendant.

The burden of proof is on the plaintiff. He must show the absence of the occasion; and if the occasion existed, that the matter complained of was not pertinent to the occasion, and that the defendant acted with malice in fact, through hatred, ill-will, with a malicious design to injure the plaintiff. Fisk vs. Soniat, 33 An. 1400.

There is no proof of this kind in the record.

Judgment affirmed.

Mr. Justice Breaux takes no part in this opinion.