[No. 19313.    Department Two.—July 27, 1894.]

# B. D. CLUGSTON, RESPONDENT, v. G. G. GARRETSON, APPELLANT.

SLANDER—ACTIONABLE WORDS—CHARGE OF ARSON—SETTING FIRE TO YARD.—Words charging the plaintiff with having set fire to a yard, in which stood the warehouse of a wood and coal company, charge the crime of arson, and are actionable *per se*.

ID.—YARD APPURTENANT TO WAREHOUSE—"BUILDING."—The yard in which the warehouse of the wood and coal company is alleged to have been set on fire should be regarded *prima facie*, as "appurtenant to, or connected with," the warehouse, and, therefore, within the definition of the word "building" given in section 448 of the Penal Code, the setting on fire of which is declared to be arson.

ID.—CHARGE OF SETTING FIRE TO WAREHOUSE—PLEADING—INNUENDO.—Where the complaint alleges that a warehouse in a yard was set on fire, and charges the defendant with having said in the presence of others that "Clugston set the fire," these words import that Clugston set fire to the warehouse, and must have been so understood by those to whom the words were spoken, and no *innuendo* is necessary to show the meaning.

ID.—CONSISTENCY OF DISTINCT CHARGES.—The fact that the defendant had said to others at a previous date that the plaintiff set fire to the yard is not inconsistent with the charge of setting fire to the warehouse, which was in the yard.

ID.—PLEADING—DESTRUCTION OF WAREHOUSE.—It is not necessary upon a charge of slander, falsely accusing the plaintiff of setting fire to a warehouse, to allege that the warehouse was consumed or destroyed by the fire.

ID.—PLEADING.—Where distinct causes of action, upon a charge of slander, are not separately stated, or not stated with sufficient certainty, these defects are waived by a general demurrer.

ID.—TRUTH OF CHARGE—MITIGATING CIRCUMSTANCES—BURDEN OF PROOF.
Where the words spoken are actionable *per se*, and the speaking of them
is not denied, but the answer alleges that they were true, and sets up
mitigating circumstances, no proof is required on the part of the plain-
tiff to make out his case; but the law presumes that the words were both
false and malicious, and the burden of proving their truth, or any facts
tending to mitigate the damages is on the defendant. .

ID.—BELIEF OF TRUTH OF CHARGE—ABSENCE OF MALICE—MEASURE OF
DAMAGES.—Where the words spoken were untrue, but were spoken with-
out actual malice on the part of the defendant, but in good faith, believ-
ing them to be true, the verdict of the jury should be confined to the
actual damage sustained by the plaintiff.

APPEAL from a judgment of the Superior Court of San
Diego County.

The facts are stated in the opinion.

*Conklin & Hughes,* and *V. E. Shaw,* for Appellant.

*Works & Works,* and *D. L. Withington,* for Respondent.

VANCLIEF, C.—Action for damages alleged to have been
suffered by plaintiff in consequence of defamatory words
spoken by defendant of and concerning the plaintiff.
The following is a copy of the complaint:

"I.   That on the seventh day of March, 1893, a ware-
house in a yard owned by the Pacific Wood and Coal
Company was set on fire, and it was suspected that it
had been feloniously set on fire.

"II.   That on the seventh day of March, 1893, at San
Diego, the defendant, in the hearing of C. K. Stewart
and sundry other persons, spoke of and concerning the
plaintiff the false and scandalous words following, to
wit: 'Clugston set fire to the yard, set fire all along
here.'   And that upon the eighth day of March, 1893,
in the presence of Thomas Croghan and sundry other
persons, the said defendant spoke of and concerning
the plaintiff the false and scandalous words following:
'Clugston made a good job of it; Clugston set the yard
afire; he was seen going out of the yard ten or fifteen
minutes before the fire broke out.'   And upon the eighth
day of March, 1893, in the presence of Herman Mosher

and sundry other persons the said defendant spoke of and concerning the plaintiff the false and scandalous words following, to wit: 'Clugston set the fire.'

"III.   That the defendant meant thereby, and was so understood by those hearing him, that the plaintiff had feloniously set fire to said yard.

"IV.   That the said words were false and defamatory. That the plaintiff has sustained damage by reason of said false and scandalous words in the sum of twenty thousand dollars.

"Wherefore the plaintiff prays judgment against the defendant in the sum of twenty thousand dollars."

Defendant demurred to the complaint on the ground "that it does not state a cause of action."

The demurrer was overruled, and defendant answered as follows:

"Comes now the defendant, and by leave of court files this, his amended answer, and admits the allegations of paragraphs I and III of said complaint; admits that he spoke concerning the plaintiff the words alleged in paragraph II of said complaint to have been spoken by him.

"But denies that said words, or any of them, were either false, scandalous, or defamatory; on the contrary, this defendant, upon information and belief, alleges that each and all of said words charged to have been spoken by him are true.

"Defendant denies that plaintiff has sustained damage by reason of said words used by defendant, or any of them, in the sum of twenty thousand dollars, or any other sum.

"And further answering, defendant avers:

"That at the time at which said words were spoken by him certain litigation was pending between plaintiff and this defendant, with others, over an election of a board of directors of the Pacific Wood and Coal Company, and involving the right to possession and control of the said yard, and this defendant, with his associates, had acquired possession and control of said yard, and

was in possession at the time of said fire, to wit: March 7, 1893; that by reason of this, defendant and his associates being in control and possession of said yard, and by reason of defendant and others then in possession of said yard preventing said Clugston from gaining control and possession thereof, and carrying on the wood and coal business in the name of said Pacific Wood and Coal Company, he, the said Clugston, became greatly angered and exasperated, and made numerous threats of doing bodily harm to this defendant and others in control of said yard, as well as the management of the business of said company, and at divers times expressed himself, in substance, 'that he would rather see the property destroyed than be in the possession and control of defendant and his associates,' all of which was known to this defendant at the time he spoke the words set forth in paragraph II of said complaint."

The jury returned a general verdict for plaintiff, assessing the damage at eight hundred dollars; and also a special verdict on issues submitted by the court, to the effect: 1. That at the times the words were spoken, and at the time the answer was filed, the defendant believed the words spoken were true, and that facts known to defendant and information given to him warranted such belief; 2. That defendant was not guilty of *actual* or express malice, and that nothing was found or allowed as exemplary damages; 3. That before filing his amended answer, the defendant endeavored, in good faith, to ascertain whether the charge made by him against the plaintiff was true; 4. But that the words spoken were false.

Judgment was rendered for plaintiff in accordance with the general verdict; and defendant brings this appeal from the judgment, on the judgment-roll, containing a bill of exceptions to instructions given to the jury at request of the plaintiff.

1. It is contended that the court erred in overruling defendant's demurrer, for the reason that the words

alleged to have been spoken by defendant are not, *per se*, actionable.

It is claimed that the words spoken charge plaintiff with having set on fire only the yard in which the warehouse stood, and that setting fire to a yard is not arson nor any other crime.

This, I think, is erroneous in two respects:

In the first place, the yard in which the warehouse is alleged to have been set on fire should be regarded *prima facie* as "appurtenant to, or connected with," the warehouse, and therefore within the definition of the word " building," given in section 448 of the Penal Code.   And the yard being so appurtenant to, or connected with, the warehouse, the setting of it on fire was arson.   (Pen. Code, secs. 447, 448.)

In the second place it is alleged that " a warehouse in a yard . . . . was set on fire," and that on March 8th, in the presence of Mosher and others, defendant said: "Clugston set the fire." Under the circumstances alleged these words obviously meant that Clugston set fire to the warehouse, and must have been so understood by Mosher and others to whom they were spoken; and no *innuendo* was necessary to show the meaning.

That he had said to others on March 7th that " Clugston set fire to the yard all along here," and " made a good job of it," is not inconsistent with what he said to Mosher and others on the next day. It was not necessary to allege that the warehouse was consumed or destroyed by the fire.   (Pen. Code, sec. 451.)   If distinct causes of action are not separately stated, or not stated with sufficient certainty, these defects were waived. (Code Civ. Proc., sec. 434.)   As having a general bearing on the question of sufficiency of the complaint, the following cases are referred to: Chamberlin v. Vance, 51 Cal. 75; Fleming v. Albeck, 67 Cal. 226; Thompson v. Barkley, 27 Pa. St. 263.

I think the complaint is sufficient to stand the test of a general demurrer.

2. The only ground of objection to instructions given

to the jury is that they assume that the words, admitted to have been spoken under the circumstances alleged in the complaint *and answer*, imputed to plaintiff the crime of arson.

As above shown, the words alleged to have been spoken are actionable *per se.* The answer expressly admits the speaking of the words under the circumstances alleged in the complaint, and alleges no circumstance tending to show that they were spoken, or intended to be understood, in any other than their proper and ordinary sense; but does allege circumstances in mitigation, tending to show that defendant had reason to believe that plaintiff did set fire to the property, and a motive for imputing the crime to him.

The first two instructions given embody and sufficiently exemplify the only ground of objection to instructions. They are as follows:

"1. This is an action for slander for words alleged to have been spoken by the defendant charging the plaintiff with the crime of arson. The defendant admits the speaking of the words, but alleges that the words spoken were true, and sets up certain mitigating circumstances.

"Under these pleadings no proof was necessary on the part of plaintiff to make out his case. The defendant, having admitted the speaking of the words, the law presumes that the words were both false and malicious. Therefore the burden of proving the truth of the words, or any facts tending to mitigate the damages, was on the defendant."

At request of defendant the court, among others, gave the following instructions:

" If the jury do not find the plea of justification to be true, but do find the defendant guilty, then the jury, in estimating the amount of plaintiff's damages, may take into consideration any facts proven tending to show whether or not the utterance of the words complained of was made by the defendant in the belief that they were true.

"Though the jury may believe from the evidence that

the defendant was guilty of speaking the words charged in the complaint, and that said words are untrue, still, if the jury find from the evidence that the words were spoken without actual malice on the part of defendant, but in good faith, believing them to be true, then, and in that case, the verdict of the jury should be confined to the actual damage sustained by plaintiff."

I think the jury were properly instructed, and that the judgment should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., HARRISON, J.