FREIRÍA & CO., S. EN C., DEMANDANTES Y APELANTES, *v.* R. FÉLIX HERMANOS & CO., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en un caso sobre cobro de dinero.

No. 993.—Resuelto en marzo 12, 1914.

SENTENCIA EN REBELDÍA—APELACIÓN DE ORDEN ANULÁNDOLA.—Una orden de una corte de distrito anulando una sentencia en rebeldía y el embargo y venta en pública subasta de los bienes del demandado para satisfacer dicha sentencia, es apelable para ante este tribunal.

EMPLAZAMIENTO—ADVERTENCIA AL DEMANDADO EN CASO DE QUE NO COMPAREZCA—SENTENCIA ANULABLE.—Es defectuoso un emplazamiento expedido en una acción sobre cobro de dinero en el cual se notifica al demandado que en el caso de que no comparezca y conteste la demanda dentro del término legal ''la demandante podrá obtener se anote la rebeldía de la demandada y se dicte sentencia con arreglo a derecho,'' porque tal advertencia no se ajusta literalmente a los preceptos del párrafo 4 del artículo 89 del Código de Enjuiciamiento Civil. La sentencia que se dicte bajo la base de tal emplazamiento, puede anularse siguiendo el procedimiento que marca el artículo 140 del Código de Enjuiciamiento Civil.

SENTENCIA EN REBELDÍA—EMPLAZAMIENTO DEFECTUOSO—TARDANZA DEL DEMANDADO EN PEDIR LA NULIDAD DE LA SENTENCIA.—Pero cuando como en el caso de autos se dicta una sentencia en rebeldía contra el demandado después de habérsele notificado personalmente el emplazamiento defectuoso expedido, con copia de la demanda, y posteriormente se le notifica personalmente el embargo de sus bienes para satisfacer dicha sentencia, y deja transcurrir cuatro años después de registrada la sentencia y cerca de dos después de notificado el embargo, sin pedir la nulidad de la sentencia, tal petición es tardía y no puede prosperar.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Francisco González.*

Abogado de los apelados: *Sr. Manuel Tous Soto.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto contra una orden de la Corte de Distrito de Humacao anulando una sentencia dictada en rebeldía.

Aparece de los autos que la mercantil Freiría y Cía., S. en C., demandó a R. Félix Hermanos y Cía. en cobro de $1,245.15; que la sociedad demandada fué emplazada el 15

de febrero de 1909, en Caguas, dentro del distrito judicial de Humacao, en la persona de Román Félix Aponte, único gerente de ·la misma; que la parte demandada no contestó la demanda y la parte demandante solicitó que se anotara su rebeldía y se dictara sentencia en contra suya; que en efecto, el 3 de marzo de 1909, se anotó la rebeldía y se dictó la sentencia condenando a la sociedad demandada a pagar a la demandante la suma por ésta reclamada en su demanda; que el 27 de mayo de 1909 se expidió orden para ejecutar dicha sentencia; que en 10 de septiembre de 1910 el márshal del distrito de Humacao cumplimentó dicha orden embargando ciertas propiedades del demandado Román Félix a quien notificó el embargo; que en 28 de junio de 1912 se celebró la subasta de los bienes embargados que se adjudicaron por la suma de quinientos pesos, en pago parcial de su crédito, a la demandante; que así las cosas, la parte demandada, el 15 de abril de 1913, compareció en el pleito ''solamente a los efectos de pedir la nulidad del emplazamiento expedido'' por el fundamento de no contener el requerimiento que ordena la ley; que oídas ambas partes, la corte, por resolución de 19 de abril de 1913, declaró nulo todo lo actuado desde el emplazamiento inclusive, y que notificada dicha resolución el 12 de mayo de 1913 al abogado de la demandante, ésta, el 13 de mayo de 1913, interpuso contra ella el presente recurso de apelación.

La primera cuestión que surge en este caso es la de si la orden de 19 de abril de 1913 es o nó apelable. La jurisprudencia es contradictoria, pues mientras, por ejemplo, en el caso de *Reitmeir* v. *Siegmund,* 13 Wash., 624, se resolvió que una orden dejando sin efecto una rebeldía y concediendo permiso para contestar, lo mismo si se dicta en el caso original a virtud de moción que a consecuencia de una solicitud en un nuevo caso, no era apelable, en el de *People's Ice Co.* v. *Schlenker,* 50 Minn., 1, 52 N. W., 219, se decidió que una orden anulando una sentencia en rebeldía y concediendo al demandado permiso para contestar, era apelable.

En el caso de *Hernaiz* v. *Vivas,* decidido el 13 de febrero de 1914, hemos estudiado con algún detenimiento esta cuestión, y, haciendo aplicación de los principios en él establecidos, debemos decidir que la orden de 19 de abril de 1913 es apelable.

Pasaremos ahora a considerar el recurso en su fondo. El emplazamiento declarado nulo por la resolución apelada, es como sigue:

"Corte de Distrito del Distrito Judicial de Humacao,
Puerto Rico.

Estados Unidos de América  }
El Presidente de los Estados Unidos }  *ss:*

*Freiría y Compañía*
        Demandante ⎤
     contra        ⎬ Emplazamiento.
*R. Félix Hermanos y Cía.*
        Demandado ⎦

"El Pueblo de Puerto Rico,

"Á R. Félix Hermanos y Compañía, o sea demandado antemencionado.

"Por la presente se notifica a usted que se ha presentado en la oficina del Secretario de la Corte de Distrito de Humacao del Distrito Judicial de Humacao, Puerto Rico, la demanda del actor antes citado, en la cual solicita se dicte sentencia condenando a la sociedad demandada al pago de mil doscientos cuarenta y cinco dollars quince centavos a favor del demandante, intereses de esa cantidad al tipo legal desde el día 1 de febrero de 1909 y las costas de esta acción, todo según la demanda que suscribe como abogado del demandante el de esta vecindad Don Salvador Fulladosa y Mir.

"Y se notifica a usted que de no comparecer a contestar dicha demanda dentro de los diez días después de notificado, si la notificación se hiciere en el distrito y dentro de los veinte días, si se hiciere fuera del distrito, pero en la isla de Puerto Rico, y dentro de los cuarenta días, si se hiciere en otra parte, la demandante podrá obtener se anote la rebeldía de la demandada y se dicte sentencia con arreglo a derecho.

"Extendida bajo mi firma en Humacao, Puerto Rico, hoy 5 de febrero de 1909. Jesús L. Pereyó. Secretario. Por Tomás Torres Grau. Secretario Auxiliar. Hay un sello de la corte.

"JURAMENTO.

"Miguel Muñoz López, debidamente juramentado, declara: que es vecino de Caguas, mayor de diez y ocho años de edad, y que no tiene interés en este asunto: que recibió el presente emplazamiento el día catorce de febrero de 1909, y que notificó el mismo personalmente el día quince de febrero de 1909, a Román Félix Aponte, único gerente de R. Félix Hermanos y Compañía, demandado mencionado en dicho emplazamiento, entregando a dicho demandado y dejando en su poder personalmente en Caguas una copia de dicho emplazamiento y en poder del demandado mencionado una copia fiel y exacta de la demanda en el pleito mencionado en dicho emplazamiento. Caguas, 17 de febrero de 1909. Miguel Muñoz López.

"No. 124. Jurado y suscrito ante mí por D. Miguel Muñoz López, mayor de edad, casado, empleado y vecino de esta población a quien conozco personalmente. Caguas 17, febrero 1909. José Molina. Juez de Paz. Hay dos sellos de R. I., uno de 10 centavos y otro de 5 centavos y un sello del juzgado de paz."

La petición de nulidad se basó únicamente en que de acuerdo con el inciso 4 del artículo 89 del Código de Enjuiciamiento Civil, el emplazamiento era nulo porque tratándose como se trataba de una acción en cobro de dinero, no contenía la advertencia de que si el demandado no comparecía dentro del término de ley, el demandante obtendría fallo por la cantidad exigida, especificándose la suma.

La resolución apelada se basó también en que el emplazamiento era nulo por no contener el indicado requisito exigido expresamente por la ley y en que apareciendo la nulidad de la faz del legajo de la sentencia, podía solicitarse y decretarse en cualquier tiempo.

La ley, Código de Enjuiciamiento Civil, en lo pertinente, dice así:

"Artículo 89.—La citación irá dirigida al demandado, firmada por el Secretario y librada bajo el sello de la Corte, y deberá contener:

"1.   *   *   *

"2.   *   *   *

"3.   *   *   *

"4.. En una acción originada de un contrato para obtener dinero, o el importe de daños y perjuicios solamente, se hará constar la prevención de que si no compareciere y contestare el demandado según se le ordena, el demandante obtendrá fallo por la cantidad exigida en la demanda, especificando la suma.

"5.   *   *   *

Basta comparar el emplazamiento con la ley, para concluir sin esfuerzo alguno que el primero no se ajusta literalmente a lo ordenado en la segunda. Que el emplazamiento es defectuoso, es cuestión tan clara que no admite discusión alguna.

Ahora bien, ¿el defecto anotado es de tal naturaleza que deba concluirse que la corte no adquirió jurisdicción sobre el demandado, y que siendo ello así, no obstante haber transcurrido más de cuatro años desde que se dictó la sentencia, ésta puede anularse por una moción presentada por la parte demandada? A nuestro juicio, no puede llegarse a tales conclusiones, atendidas las circunstancias que concurren.

El verdadero objeto del emplazamiento es el de dar a conocer al demandado que se ha establecido contra él una determinada reclamación en una corte de justicia, que debe comparecer ante la expresada corte dentro del plazo que se fije a gestionar su derecho, y que de no hacerlo así, se anotará su rebeldía y se dictará sentencia en contra suya de acuerdo con la ley. Cyc., en su volumen 23, página 752, dice: "La rebeldía es una admisión de todas las alegaciones materiales y que pueden ser impugnadas contenidas en la demanda que son necesarias para la causa de acción del demandante, de que el demandado es la persona especificada en el mandamiento y contra la cual se trata de dirigir la acción, y de que la corte ha adquirido jurisdicción sobre la persona de dicho demandado y la tiene de la causa de la acción."

En el presente caso se entregó al demandado una copia

de la demanda.   Por ella quedó enterado de todo lo que el
demandante alegaba, por ella fué informado de que el deman-
dante pedía que se dictara sentencia en contra suya conde-
nándolo al pago de $1,245.15, intereses legales y costas.   Se
le entregó además copia del emplazamiento, documento por
el que se le notificó expresamente la presentación de la de-
manda ''en la cual se solicita se dicte sentencia condenando a la
sociedad demandada al pago de mil doscientos cuarenta y cinco
dollars quince centavos a favor del demandante    *    *    *,''
y, además, ''que de no comparecer a contestar dicha demanda
dentro de    *    *    *    la demandante podrá obtener se anote
la rebeldía de la demandada y se dicte sentencia con arreglo
a derecho.''

Los fines de la ley se cumplieron en su esencia, la corte
de distrito adquirió jurisdicción sobre la persona del deman-
dado y como es un hecho no discutido siquiera que también
tenía jurisdicción sobre la materia, la sentencia dictada en
este caso por errónea que sea, no puede considerarse como
enteramente nula.   En el curso de la opinión emitida por
la Corte Suprema de California en el caso de *Grannis* v.
*Superior Court*, reportado en 79 Pac., 892, se dijo: ''Al dic-
tarse la sentencia la corte tenía jurisdicción sobre la materia
y sobre las partes.   La regla general es que en tales casos
la sentencia no es nula por errónea que fuere.''   146 Cal.,
245, 247.

Para sostener que debe confirmarse la resolución apelada
se han invocado las decisiones de esta Corte Suprema de
Puerto Rico en los casos de *Zapater* v. *Irizarry et al.*, 15
D. P. R., 542, y de *Vías* v. *Sucesión Pérez*, 15 D. P. R., 732.
Hemos estudiado cuidadosamente dichas decisiones y no
tienen el alcance que pretende la parte apelada y que les
dió la corte de distrito.

En el primero de dichos casos se emplazó a los deman-
dados con la advertencia de que de no contestar, etc., el
demandante podría obtener ''una sentencia de acuerdo con
la demanda.''   Los demandados no contestaron y se pidió

y se anotó su rebeldía.   Los demandados pidieron permiso para archivar su contestación.   Les fué negado y se dictó la sentencia.   Los demandados apelaron y esta corte dijo: "Nosotros creemos que el proceder del secretario, anotando la rebeldía, debe sostenerse en el presente caso; pero que la causa debe ser devuelta al tribunal sentenciador, con instrucciones de celebrar el juicio de la misma, para determinar el importe de los daños y perjuicios que haya sufrido el demandante."

Y en el segundo a sea en el de *Vías* v. *Sucesión Pérez,* se emplazó a los demandados el 23 de abril de 1908 con la advertencia de que de no contestar etc., "el demandante podrá obtener la sentencia que solicita en su demanda." Entre los demandados había algunos menores de edad que no fueron emplazados personalmente.   El 15 de mayo de 1908 se anotó la rebeldía de todos los demandados y se dictó la sentencia.   En 18 del mismo mes de mayo pidió la parte demandada que se dejara sin efecto la rebeldía y la corte no accedió.   Se apeló de su resolución a la Corte Suprema y ésta distinguió entre los varios demandados atendidas las circunstancias concurrentes y resolvió: en cuanto a los demandados menores de edad, que la corte de distrito no llegó nunca a adquirir jurisdicción por no haber sido emplazados personalmente, siendo la anotación de su rebeldía, en su consecuencia, completamente nula; y en cuanto a los demandados mayores de edad, dejó subsistente la anotación de rebeldía pero anuló la sentencia dictada, porque si el caso se estimaba comprendido en el número 1 del artículo 194 del Código de Enjuiciamiento Civil, el emplazamiento no contenía la advertencia de que si el demandado no contestaba se dictaría sentencia por la cantidad exigida, especificando la suma, y si se consideraba comprendido en el número 2 de dicho artículo, el secretario de la corte no pudo registrar por sí mismo la sentencia.

Como se ve, en el primero de los casos citados la petición se hizo antes de dictarse la sentencia y en el segundo tres

días después de dictada, mientras que en éste que ahora resolvemos se dejaron transcurrir más de cuatro años después de registrada la sentencia. El artículo 140 del Código de Enjuiciamiento Civil. era aplicable a los dos primeros casos y es inaplicable al último. He ahí la diferencia que existe entre ellos.

La jurisprudencia de los tribunales es abundantísima sobre esta materia. En el caso de *Ward* v. *Ward*, 59 Cal., 139, 141, la Corte Suprema confirmó la orden de la corte inferior que dejó sin efecto una sentencia en rebeldía porque tratándose de un caso para recobrar daños sólo se había advertido al demandado, al emplazarlo, que de no contestar "el demandante pediría a la corte el remedio solicitado en la demanda." La regla establecida parece aplicable a este caso. Sin embargo no conocemos con exactitud los hechos, ni constan de la opinión y antecedentes publicados la fecha en que se presentó la solicitud de nulidad y la en que se dictó la sentencia.

Hemos estudiado cuidadosamente los casos de *People* v. *Temple,* 103 Cal., 446; *Eichoff* v. *Eichoff,* 107 Cal., 42, y *People* v. *Davis,* 143 Cal., 673, citados por el juez de distrito en su resolución. En el primero, o sea en el de *People* v. *Temple,* se sienta la doctrina de que "una sentencia que es nula sobre su faz y que requiere sólo una simple inspección del legajo de la sentencia para concluir que no es válida, puede dejarse sin efecto a virtud de moción dirigida a la corte que la dictó en cualquier tiempo después de haberse registrado; pero si no es nula sobre su faz y su falta de validez no aparece del legajo de la sentencia, no puede dejarse sin efecto a virtud de una moción alegando la falta de jurisdicción de la corte sobre la persona del demandado, a menos que se haga la moción dentro de un tiempo razonable después del registro de la sentencia que no exceda del límite fijado por la sección 473 del Código de Enjuiciamiento Civil." El caso versaba sobre una citación por edictos.

En el segundo, o sea en el de *Eichhoff* v. *Eichhoff,* se

sostiene la teoría de que ''es sólo por una impugnación directa por medio de la apelación contra la sentencia en rebeldía que no existe presunción en favor de la existencia de cualquier hecho esencial a la jurisdicción de la corte sobre el demandado; pero, cuando se establece una acción en una corte de equidad para que se deje sin efecto una sentencia en ley, la impugnación, aunque no puede estimarse como colateral, es siempre indirecta, y tal impugnación no pone en discusión la sentencia como decisión, sino que procura librarse de sus efectos por razones equitativas.''

Y en el tercero, o sea en el de *People* v. *Davis,* se establece que ''una sentencia que no es nula sobre su faz no puede ser dejada sin efecto por una moción después de transcurrido el tiempo limitado por la sección 473 del Código de Enjuiciamiento Civil; y que una orden dictada con el propósito de dejar sin efecto tal sentencia, a virtud de moción del sucesor del demandado, después de transcurrido un año, lo fué sin jurisdicción y es nula, y puede ser dejada sin efecto por la corte por su propio acuerdo en cualquier tiempo, y el demandante no puede ser perjudicado por no haber apelado de ella o por no haber pedido que se dejara sin efecto dentro de seis meses.   La cuestión de si una sentencia es o nó nula sobre su faz debe decidirse por una inspección del legajo de la sentencia de acuerdo con la ley vigente a la fecha del registro de la misma.''

Una inspección del legajo de la sentencia en este caso muestra el defecto que hemos apuntado, esto es, que el emplazamiento no cumple literalmente con la ley, pero no muestra que la corte de distrito dejara de adquirir jurisdicción sobre la persona del demandado. Este fué en realidad de verdad emplazado personalmente y notificado de las pretensiones del demandante; de su obligación de comparecer ante una determinada corte dentro de un plazo fijado y de lo que podía ocurrirle si no comparecía. Al hacérsele esta última advertencia no se cumplió estrictamente con la ley, mas como el demandado no pidió a la corte de distrito dentro del término

en que se dictó la sentencia o dentro del plazo de seis meses que fija el artículo 140 del Código de Enjuiciamiento Civil, que dejara sin efecto la sentencia, y, personalmente notificado en septiembre de 1910 del embargo trabado en la ejecución de la sentencia, tampoco, dentro de un período razonable, pidió que se le eximiera de los efectos de la sentencia, es necesario concluir que la solicitud del demandado hecha el 15 de abril de 1913, se presentó demasiado tarde para que pueda prosperar en una corte de justicia.

"Cuando una sentencia es enteramente nula por falta de jurisdicción, el poder de la corte para dejarla sin efecto no está limitado al término en el cual se dictó, sino que puede ejercerse en un término posterior. Y esto se aplica lo mismo cuando la falta de jurisdicción es por razón de la materia que por razón de las partes. Pero esta regla no se aplica a meros errores e irregularidades; y defectos e irregularidades con respecto a la jurisdicción que hagan la sentencia anulable a lo sumo, no pueden servir de fundamento para anular la sentencia en un término posterior, especialmente cuando ha sido consentida por las partes por un considerable período de tiempo." 23 Cyc., 905 y 906 y autoridades citadas.

Una parte que tiene conocimiento de una sentencia dictada en contra suya debe ejercer diligencia razonable en procurar que se deje sin efecto, y su dilación inexcusable en hacer la solicitud, siendo igual a negligencia, será motivo bastante para que la corte rehuse conceder el remedio solicitado, especialmente cuando el dejar sin efecto la sentencia causaría molestias no usuales a la parte contraria, o cuando están envueltos derechos de terceros." 23 Cyc., 909 y 910 y autoridades citadas.

En el caso de *Bronson* v. *Schluter,* 104 U. S., 410, en el cual la Corte Suprema de los Estados Unidos revocó una sentencia dictada por la Corte de Circuito de los Estados Unidos del Distrito Sur de Nueva York, por virtud de la cual la dicha corte de circuito anuló una sentencia que había pronunciado hacía diez y siete años, después de un cuidadoso

estudio de las facultades de las cortes de justicia en casos de tal naturaleza, dice la corte: "También es un principio de equidad de los que más se alegan, que deberá la parte que trata de obtener un remedio en un caso como el presente, emplear la debida diligencia en ejercitar sus derechos, y que tanto la negligencia como el abandono en tal respecto, constituyen iguales obstáculos para el ejercicio del remedio."

En tal virtud, atendidas todas las circunstancias concurrentes, opinamos que debe declararse con lugar el recurso establecido y revocarse la orden apelada, dictándose en su lugar otra desestimando la solicitud de la parte demandada.

> *Revocada la orden apelada y desestimada la solicitud del demandado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.