(June 14, 1919.)

# DENVER P. DAYTON, Appellant, v. JEROME L. DRUM-HELLER, Respondent.

[182 Pac. 102.]

LIBEL—WORDS LIBELOUS PER SE—CHARGE OF FELONY—JUDICIAL PRO-
CEEDINGS—PRIVILEGE, ABSOLUTE AND QUALIFIED—MOTION FOR NEW
TRIAL—MATTERS PERTINENT OR HAVING RELATION THERETO—PLEAD-
ING—COMPLAINT, SUFFICIENCY OF.

1. Words falsely published of another, amounting to a charge
which, if true, would subject the party charged to infamous punish-
ment, are libelous *per se.*

2. A false charge of arson is libelous *per se,* the crime of arson
being punishable by imprisonment in the penitentiary.

3. Libelous words used in a judicial proceeding are protected by
the privilege, either absolute or qualified, which attends such a pro-
ceeding.

4. Libelous words used in a judicial proceeding, in order to be
protected by the absolute privilege, must be pertinent or have some
legitimate relation to the subject of the inquiry.

5. Libelous words used in a judicial proceeding, but not pertinent
and having no legal relation thereto, are, in the absence of a mali-
cious intent to defame, protected by the qualified privilege by reason
of the occasion.

6. A complaint, charging libel in a judicial proceeding, must
allege facts which show on their face that the libelous words were
neither pertinent nor had any legitimate relation to the subject of
the inquiry and that their use was accompanied with express malice
and an intent to defame, i. e., with a malicious intent to defame.

7. The grounds for a new trial are wholly statutory, and on an
application for a new trial the only matters which are pertinent or
have legitimate relation to the subject of the inquiry are matters
which relate to such statutory grounds.

8. One of the essential grounds for granting a new trial, because
of the existence of evidence not adduced upon the trial, is that such
evidence is newly discovered.

9. Words used in an affidavit filed in support of a motion for a
new trial, falsely charging the opposing party with the crime of
arson, and alleging that witnesses to whom the affiant had talked
prior to the trial had refused to testify to matters within their knowl-
edge because of their fear of the party so charged, are not pertinent

and have no legitimate relation to the subject matter of the inquiry before the court.

10. In determining the sufficiency of the complaint, the question whether libelous words used in a judicial proceeding are pertinent or relate to the subject of the inquiry is one of law for the court.

11. The question whether the defendant knew or believed that his libelous words were not pertinent and had no legitimate relation to the matter of inquiry, or whether he made the statements without reasonable or probable cause, or whether his statements were published in good faith, are questions of fact for the jury. This issue, so far as the sufficiency of the complaint is involved, is presented by the affirmative allegation that the libelous words were published with the malicious intent to defame.

[As to evidence admissible to support *innuendo,* see note in 53 Am. St. 698–701.]

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. R. N. Dunn, Judge.

Action for damages for libel. Judgment for defendant. *Reversed.*

J. F. Ailshie and Wm. H. Bonneville, for Appellant.

Any written or printed statement which falsely and maliciously charges another with the commission of a crime is libelous *per se.* Indeed, to charge a person with that which, although not criminal, yet degrades him in the eyes of the public or exposes him to contempt or ridicule is libelous *per se.* (25 Cyc. 269; 18 Am. & Eng. Ency. of Law, 954; *State v. Sheridan,* 14 Ida. 222, 93 Pac. 656, 15 L. R. A., N. S., 497; *Douglas v. Douglas,* 4 Ida. 293, 38 Pac. 934.)

The rule is well settled in England that statements made by a party in his pleadings in judicial proceedings are absolutely privileged and can in no case give rise to an action for defamation. The prevailing rule in the United States is that such statements are privileged when pertinent and relevant to the subject under inquiry, regardless of malice. (17 R. C. L. 335; 18 Am. & Eng. Ency. of Law, 1023; *Carpenter v. Grimes Pass Placer Mining Co.,* 19 Ida. 384, 114 Pac. 42.)

In the case at bar the court struck out the entire affidavit

from the files of the action. . The only conclusion to be drawn therefrom is that neither the affidavit nor any of its contents was either pertinent or material to the issues. (*Union Mutual Life Ins. Co. v. Thomas,* 83 Fed. 803, 28 C. C. A. 96; *McLaughlin v. Cowley,* 127 Mass. 316, 131 Mass. 70; *Dwyer v. Libert,* 30 Ida. 576, Ann. Cas. 1918B, 973, 167 Pac. 651; *Wyatt v. Buell,* 47 Cal. 624.)

The affiant does not even state that he had newly discovered evidence, nor that he was not able to produce it at the trial. Hence the libelous matter in his affidavit did not state grounds for a new trial. (*Stolz v. Scott,* 28 Ida. 417, 154 Pac. 982; *Montgomery v. Gray,* 26 Ida. 583, 585, 144 Pac. 646; *Hall v. Jensen,* 14 Ida. 165, 93 Pac. 962.)

The amended complaint was sufficient in every detail to constitute a proper cause of action for libel. (*Bonney v. State,* 3 Ida. 288, 29 Pac. 185; *Pacific Packing Co. v. Bradstreet Co.,* 25 Ida. 696, Ann. Cas. 1916D, 761, 139 Pac. 1007, 51 L. R. A., N. S., 893.)

Herman H. Taylor and A. H. Conner, for Respondent.

"The courts will determine as a matter of law whether the matter pleaded was in fact pertinent or material." (*Carpenter v. Grimes Pass Placer Mining Co.,* 19 Ida. 384, 114 Pac. 42; *Crockett v. McLanahan,* 109 Tenn. 517, 72 S. W. 950, 61 L. R. A. 914.)

The burden is upon the plaintiff to show a want of privileged occasion, or, if it existed, that the matter was not pertinent, material or published with probable cause. (*Gardemal v. McWilliams,* 43 La. Ann. 454, 26 Am. St. 195, 9 So. 106; *Liles v. Gaster,* 42 Ohio St. 631; *Wilson v. Sullivan,* 81 Ga. 238, 7 S. E. 274.)

"It seems that the parties or their representatives are entitled to state anything which, although not strictly relevant, may be fairly supposed by them to weigh with the court." (*Lawson v. Hicks,* 38 Ala. 279, 81 Am. Dec. 49; *Jennings v. Paine,* 4 Wis. 358; *Hammer v. Forde,* 125 Minn. 146, 145 N. W. 810.)

"No strained or close construction will be indulged in to exempt a case from the protection of privilege." (*Johnson v. Brown,* 13 W. Va. 71; *Moore v. Manufacturers' Nat. Bank,* 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 758; Cooley on Torts, 3d ed., 432; *Lea v. White,* 36 Tenn. 111; *Hoar v. Wood,* 3 Met. (44 Mass.) 193; *Myers v. Hodges,* 53 Fla. 197, 44 So. 357, 362.)

If it appears from the statement of facts shown in the complaint that the libel was published upon a privileged occasion, the complaint must show all the facts defendant would be obliged to show under a plea of privilege. (25 Cyc. 469; *Perkins v. Mitchell,* 31 Barb. (N. Y.) 461; *Mower v. Watson,* 11 Vt. 536, 34 Am. Dec. 704.)

BUDGE, J.—This is an action for damages for libel. The court sustained a general demurrer to the amended complaint and entered judgment dismissing the action, from which judgment this appeal is taken. Error is predicated on the action of the trial court in sustaining the demurrer and in entering judgment.

It is alleged that in a prior suit, wherein respondent Drumheller was plaintiff and appellant Dayton and his wife were defendants, Drumheller filed an affidavit, a copy of which is attached to the amended complaint as an exhibit, the alleged defamatory matter being set forth in the body of the amended complaint *in haec verba:*

"Affiant further says that prior to the trial of this action he had inquired of a number of persons if they would testify as to the value of the said ranch, but of the persons so inquired those who were familiar with the ranch refused to testify and gave as their reasons therefor that the defendant Dayton was a dangerous man and had the reputation of burning up the property of his neighbors; and that they did not wish to involve themselves in any difficulty with him as they were afraid he would burn up their property or do them physical violence. It was only after the trial of this action and the general indignation of the public over the miscarriage of justice in which the said trial resulted that the plaintiff was

able to secure witnesses who were willing to testify as to the value of the said land; that for obvious reasons the plaintiff has not heretofore and does not now disclose the names of such persons.''

It is further alleged by *innuendo* that respondent, by the language above quoted, "charged and intended to charge plaintiff with the crime of arson.''

Whether or not the words quoted from the affidavit, in the amended complaint, amount to a charge of arson, unless coupled with the *innuendo,* we are not called upon to decide. It is perfectly clear, however, that taken in connection with the *innuendo,* the amended complaint alleges in substance that respondent wrote and published a charge of arson of and concerning this appellant. Under the statutes of this state, the crime of arson is a felony, punishable by imprisonment in the penitentiary. The rule is well settled that words falsely published of another, amounting to a charge which, if true, would subject the party charged to infamous punishment, are in themselves libelous, or, as is commonly said, libelous *per se.* (*Douglas v. Douglas,* 4 Ida. 293, 38 Pac. 934; 1 Cooley on Torts, 3d ed., p. 377; 1 Kinkead's Commentaries on Torts, p. 769.) The particular charge, that of arson, has been frequently held to fall within the foregoing rule. (1 Cooley on Torts, 3d ed., p. 382; *Clugston v. Garretson,* 103 Cal. 441, 37 Pac. 469; *Cox v. Strickland,* 101 Ga. 482, 28 S. E. 655; *Taylor v. Ellington,* 46 La. Ann. 371, 15 So. 499; 1 Kinkead's Commentaries on Torts, p. 769, and cases cited in note 64.)

The libelous or defamatory words were used in a judicial proceeding. Language used in a judicial proceeding is protected by the privilege which attends such a proceeding. This privilege may be either absolute or qualified.

We will first consider whether or not the words used fall within the protection of the absolute privilege. Respondent does not seek to question the rule hitherto established in this court that libelous matters used in a judicial proceeding, in order to be protected by this privilege must be pertinent or have relation to the subject of the inquiry (*Carpenter v. Grimes Pass Placer Mining Co.,* 19 Ida. 384, 114 Pac. 42; see,

also, *Wyatt v. Buell,* 47 Cal. 624; *Maulsby v. Reifsnider,* 69 Md. 143, 14 Atl. 505, and discussion in *Gosewisch v. Doran,* 161 Cal. 511, Ann. Cas. 1913D, 442, and note 444, 119 Pac. 656), but insists that the words used in the affidavit above referred to are pertinent and material.

What is meant by pertinency, relevancy and materiality in this connection is well expressed in the case of *Union Mutual Life Ins. Co. v. Thomas,* 83 Fed. 803, 28 C. C. A. 96, where it is said:

"It is perhaps not necessary that it be in all cases material to the issues presented by the pleadings, but it must be legitimately related thereto, or so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry."

It should be remembered that these words were used in an affidavit filed in support of a motion for a new trial. The grounds for a new trial are wholly statutory, and are set forth in C. L., sec. 4439. Subdivision 4 thereof, defining one of the grounds as: "Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial," is the only subdivision under this section to which such an affidavit could bear any possible relation. Tested by the requirements of this subdivision, the defamatory matter set forth in the affidavit and relied upon as a basis for recovery in the present action cannot be regarded as pertinent or having any legitimate relation to the application for a new trial, which was the subject at issue in which the words were used. One of the essential qualifications of such evidence, in order to be pertinent to such an issue, is that it must be newly discovered. The language of the affidavit precludes absolutely the idea that the evidence therein referred to is newly discovered, respondent affirmatively stating that its existence was known to him prior to the trial. No legal reason is given, nor are any facts stated in the affidavit from which one may be inferred, for not producing the evidence at the trial. The defamatory matter could have no possible legal bearing upon the application for a new trial, and hence was neither pertinent nor

had any legitimate relation to the subject then at issue before the court. (*Hyde v. McCabe*, 100 Mo. 412, 13 S. W. 875; *King v. McKissick*, 126 Fed. 215; *Rich v. Eason* (Tex. Civ.), 180 S. W. 303; *Lesser v. International Trust Co.*, 175 App. Div. 12, 161 N. Y. Supp. 624; *Barnett v. Loud*, 226 Mass. 447, 115 N. E. 767; *Union Mutual Life Ins. Co. v. Thomas, supra; Moore v. Manufacturers' Nat. Bank of Troy*, 123 N. Y. 420, 25 N. E. 1048, 11 L. R. A. 758; *McLaughlin v. Cowley*, 127 Mass. 316.) Therefore, it affirmatively appears upon the face of the amended complaint that the libelous words used are not protected by the absolute privilege.

Having reached the conclusion that the matter complained of is not absolutely privileged, still the presumption of its privileged character obtains by reason of the occasion and it is necessary that the complaint state facts showing that it is not qualifiedly privileged.

There is considerable confusion in the decided cases as to what allegations are necessary for this purpose. All the cases agree that the plaintiff must allege that the publication was made maliciously, i. e., with express malice or malice in fact, and for the purpose of defaming the party to whom the statements relate. In other words, it is the malicious intent to defame which removes the protection of the qualified privilege. (*Gardemal v. McWilliams*, 43 La. Ann. 454, 26 Am. St. 195, 9 So. 106; *Myers v. Hodges*, 53 Fla. 197, 44 So. 357; *Johnson v. Brown*, 13 W. Va. 71.)

The appellant herein has alleged both actual malice and intent to defame. It is alleged that the words used:

"Were at all times and now are false, defamatory and malicious and that the writing, composing and publication thereof, as aforesaid, was and is wrongful, malicious and defamatory, and tended and do tend to impeach the honesty, integrity and reputation of this plaintiff, and to financially injure the business of this plaintiff."

And it is also alleged that the defamatory words:

"Were and are false, malicious, defamatory and untruthful and were made, composed, written and published of and about plaintiff for the purpose of securing an unjust and unfair ad-

vantage of this plaintiff and of wronging, defrauding and defaming this plaintiff and of injuring and impairing his credibility as a witness and his good name before the court and the community in which he resided."

It is, therefore, apparent that the amended complaint herein conforms to the rule that the plaintiff must allege that the publication was made maliciously and for the purpose of defaming the party to whom the statements relate, i. e., that it was made with the malicious intent to defame.

Is it necessary for the plaintiff to go further and allege that the libelous matter was published with knowledge or belief that the same was not pertinent to the issue, or, in other words, was made without reasonable or probable cause, and that the publication was not made in good faith?

So far as the sufficiency of the complaint is concerned, the question whether or not the libelous words were pertinent or had relation to the subject of the inquiry is one of law for the court, and the facts showing that the defamatory matter is not pertinent and has no relation to the subject of the inquiry must appear upon the face of the complaint. This, coupled with the allegation of express malice or malice in fact, and of intent to defame, is sufficient, for the allegation that the libelous words were used with the malicious intent to defame completely negatives the existence of good faith.

With reference to the legal question confronting the court in its effort to determine whether the complaint states facts sufficient to constitute a cause of action, the pertinency of the matter to the occasion is what is meant by probable cause. (Cook on Defamation, p. 60, quoted in *Lawson v. Hicks,* 38 Ala. 279, 81 Am. Dec. 49; *Lea v. White,* 36 Tenn. (4 Sneed) 111; *Shadden v. McElwee,* 86 Tenn. 146, 6 Am. St. 821, 5 S. W. 602.)

We hold, therefore, that the question whether or not the libelous words are pertinent or have relation to the subject of the inquiry is one of law for the court to determine from the facts alleged in the complaint. The question of whether or not the defendant knew or believed that his libelous words were not pertinent and had no relation to the inquiry, or

whether he made the statements without reasonable or probable cause, or whether or not his statements were published in good faith, are questions of fact for the jury. This issue, so far as the sufficiency of the complaint is involved, is presented by the affirmative allegation that the libelous words were published with the malicious intent to defame.

The judgment is reversed and the cause remanded for further proceedings in conformity with the views herein expressed. Costs are awarded to appellant.

Rice, J., concurs.

MORGAN, C. J., Dissenting.—Our inability to agree in this case is due to our failure to understand alike the sense in which the words *pertinent* and *relevant* are used in expressing the rule of absolute privilege of publication of defamatory language in judicial proceedings. The majority members have given these words the meanings usually intended by lawyers and judges when employing them in discussing the admissibility of evidence, and have thereby misled themselves into the conclusion that because the evidence mentioned in the affidavit was not newly discovered, although the language complained of was used in support of a motion for a new trial in an effort to inform the court why certain indispensable testimony was not produced at the former hearing, that language was neither pertinent nor relevant, and was, therefore, not absolutely privileged.

These words should not be used in cases of this kind in the sense in which they are usually employed by members of the legal profession. The substance of the law upon this subject when applied to the case under consideration is that if the language employed by Drumheller in his affidavit bore legitimate relation to—that is, was published with legitimate reference to—the motion for a new trial, it was absolutely privileged, and the fact that, as a matter of law, it was incompetent to support the motion, is immaterial.

The sense in which the words in question are to be understood in cases of this kind is to be found in *Maulsby v. Reif-*

*snider*, 69 Md. 143, 14 Atl. 505, where the court of appeals, quoting from the opinion of Bramwell, J. A., in case of *Seaman v. Netherclift,* Law Rep., 2 Com. Pleas Div., 53, said: "I am by no means sure that the word 'relevant' is the best word that could be used; the phrase used by the Lord Chief Baron and the Lord Chancellor in *Dawkins v. Lord Rokeby,* would seem preferable, having reference, or made with reference, to the inquiry." And again: "We cannot agree with Brett, M. R., that in a suit against counsel for slander *the only inquiry is whether the words were spoken in a judicial proceeding, and if so, the case must be stopped.* We quite agree, however, with Bramwell, J. A., in *Seaman v. Netherclift,* that *'relevant'* and *'pertinent'* are not the best words that could be used. These words have in a measure a technical meaning, and we all know the difficulty in determining in some cases what is relevant or pertinent. With Lord Chancellor Cairns, we prefer the words *'having reference'* or *'made with reference,'* or in the language of Shaw, C. J., *'having relation to the cause or subject matter.'* "

The supreme court of Louisiana, in *Gardemal v. McWilliams,* 43 La. Ann. 454, 26 Am. St. 195, 9 So. 106, said: "In this class of privileged communications, the occasion is an absolute privilege, and the only question is whether the occasion existed and whether the matter complained of was pertinent to the occasion. In judicial proceedings, both criminal and civil, great latitude is allowed parties in the pursuit of private rights, or the prosecution of crimes. Public order necessarily requires this latitude. What, then, is alleged in a judicial proceeding in the effort to enforce a private right is not to be judged by technical rules. The party attempting to enforce his right may be mistaken in his remedy; he may use language which could have been avoided. But after all, the question is one of intent." And, quoting from *Klinck v. Colby,* 46 N. Y. 434, 7 Am. Rep. 360, adds: "Intent makes the libel in such a case; strong words do not."

The supreme court of Florida, in case of *Myers v. Hodges,* 53 Fla. 197, 44 So. 357, said: "In the United States, according to the overwhelming weight of authority, in order that defam-

atory words, published by parties, counsel or witnesses in the due course of a judicial procedure, may be absolutely privileged, they must be connected with, or relevant or material to, the cause in hand or subject of inquiry. If they be so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they may in fact be. . . . . We think the ends of justice will be effectually accomplished by not extending the privilege so far as to make it an absolute exemption from liability for defamatory words wholly and entirely outside of, and having no connection with, the matter of inquiry. For why should a person be absolutely privileged to defame another in the course of a judicial proceeding by making slanderous statements wholly outside of the inquiry before the court? We think it unnecessary to carry the doctrine so far. The ends of justice can be effectually accomplished by placing a limit upon the party or counsel who avails himself of his situation to gratify private malice by uttering slanderous expressions and making libelous statements, which have no relation to, or connection with, the cause in hand or the subject matter of the inquiry. . . . .

"In determining what is pertinent, however, much latitude must be allowed to the judgment and discretion of those who maintain a cause in court. . . . . We believe the true doctrine is to be as declared by the Supreme Court of our neighboring state of Alabama, in the case of *Lawson v. Hicks,* 38 Ala. 279, 81 Am. Dec. 49: 'Words, spoken or written, in the course of a judicial proceeding, by the parties, or the counsel, if relevant, will not support an action for defamation; nor when irrelevant, if the speaker or writer believed that they were relevant, and had reasonable or probable cause so to believe; nor in any case—without proof of actual malice.' "

The case of *Union Mutual Life Ins. Co. v. Thomas,* 83 Fed. 803, 28 C. C. A. 96, differs not at all upon this point from the foregoing authorities. However, the quotation from that case, in the majority opinion, has an opposite meaning from that which the majority members believe it to have. Had they

understood it they would not have quoted it. with approval, or, having so quoted it, would have followed it.

Referring to language used by a party to a judicial proceeding and relied upon as being defamatory, it is said in the quotation: ''It is perhaps not necessary that it be in all cases material to the issues presented by the pleadings, but it must be legitimately related thereto, or so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry.'' That sentence expresses three separate thoughts: 1. It is not necessary that defamatory language, used by a party to a judicial proceeding, in order to be absolutely privileged, be material to the issues presented by the pleadings; 2. It is necessary that it be legitimately related thereto; or, 3, that it be so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry.

The quotation does not mean that the publication of defamatory language, in such a case, in order to be privileged must be both legitimately related to and so pertinent to the subject of the controversy that it may, in the course of the trial, become the subject of inquiry. It means, what it says, that it must be one or the other. The foregoing opinion proceeds upon the theory that it must be both and uses the words *legitimately related* and *pertinent* in a sense which is in direct opposition to the first part of the quotation, to the effect that it is not necessary that such language be material to the issues presented.

The language complained of having been published in a judicial proceeding by a party thereto it is a question for the court to decide, not whether it is incorporated in an affidavit which is drawn with sufficient skill to meet the requirements of our statute governing new trials, but whether the statement complained of was ''made with reference'' or ''had relation'' to the application for a new trial. If the answer to this question be in the affirmative the publication is absolutely privileged; if the answer be in the negative, it is not because of a provision of our statute making ''newly discovered evidence, material for the party making the application, which he could

not, with reasonable diligence, have discovered and produced at the trial'' a ground for a new trial, but because it is so foreign to the motion for a new trial that it was manifestly injected into the proceedings for the purpose of maligning and defaming appellant; because the language complained of constitutes ''libelous statements, which have no relation to, or connection with, the cause in hand or the subject matter of the inquiry.''

In order to show that the members of the majority have taken the erroneous position that this language is actionable merely because it is not stated in such a way as to constitute ground for a new trial, although the words relied on as libelous bear legitimate relation to the motion before the court, I will change, slightly, the language introductory to the portion of the affidavit so relied on and thereby remove every objection which the majority opinion makes to the absolute privilege of its publication. These changes will be additions to the affidavit and will be indicated by italics.

''Affiant further says that prior to the trial of this action he had inquired of a number of persons if they would testify as to the value of the said ranch, but of the persons so inquired those who were familiar with the ranch *said they were not and* refused to testify and *since the trial* gave as their reasons therefor that the defendant Dayton was a dangerous man and had the reputation of burning up the property of his neighbors, and that they did not wish to involve themselves in any difficulty with him as they were afraid he would burn up their property or do them physical violence. It was only after the trial of this action and the general indignation of the public over the miscarriage of justice in which the said trial resulted that the plaintiff was able to secure witnesses who were willing to testify as to the value of the said land; that for obvious reasons the plaintiff has not heretofore and does not now disclose the names of such persons.''

It will not do to say in answer to this that the affidavit, so changed, is false. The demurrer admits it was false as originally drafted.

It is true the affidavit is insufficient as a statement of grounds for a new trial. It is also true it, and all matters contained in it, have reference and relation to the motion for a new trial- in case of *Drumheller v. Dayton* pending, when the affidavit was made, in the court wherein it was filed. It follows that it was absolutely privileged and that the judgment of the trial court should be affirmed.