THE MONARCH G. & S. M. CO., Appellant, *v.* PETER McLAUGHLIN ET AL., Respondents.

New Trial—Evidence, Insufficiency of—Instructions—Presumptions. When written instructions are not given to the jury, this court will presume that the law of the case was correctly given, unless the contrary appears; but when there is a great preponderance in the weight of evidence against the verdict, this court will presume that the jury misconceived either the evidence or the law, and will order a new trial.

Appeal from the second judicial district, Alturas county.

*Brumback & Cahalan and V. S. Anderson and Geo. Ainslie,* for the appellant.

*R. A. Sidebotham* and *H. E. Prickett*, for the respondents.

CLARK, J., delivered the opinion. HOLLISTER, C. J., concurred.

There are only two material grounds of error assigned in this case: 1. Insufficiency of the evidence to justify the verdict. 2. That the jury misapplied the law to the facts in order to find a verdict for defendants.

On the first ground, the general rule is, that this court will not disturb a judgment, or verdict, or finding, or order denying a new trial, or granting a new trial, where there is a substantial conflict of testimony, and no law appears to have been violated. This court will not attempt to weigh the evidence and decide between conflicting statements; but it will always review the evidence if the point is made that the verdict or judgment is contrary to the evidence, and if they find there is a substantial conflict of the same so that the jury might find either way without becoming obnoxious to the charge of passion, prejudice, misconception, or caprice, the verdict will not be disturbed.

On the second ground, the record shows that the court below instructed the jury orally. Either party may require that the court deliver its instructions to the jury in writing, which was not done. In such case this court will presume that the law of the case was correctly given.

The record in this case is voluminous, and clearly shows a great preponderance of the weight of evidence against the verdict; therefore, in the absence of written instruction to the jury, and while the presumption in the favor of the correctness of the same is entertained, we are constrained to the opinion that the jury must have misconceived the law or the facts, or were influenced by passion or prejudice, in order to find the verdict in this action.

In order that justice may be done in the premises, the order of the court below denying a new trial is reversed and a new trial ordered.