(June 11, 1904.)

## KROETCH v. MORGAN, JUDGE.

[77 Pac. 19.]

NONSUIT—WRIT OF MANDATE—CAUSE REMANDED FOR A NEW TRIAL—
   DISMISSED ON OPENING STATEMENT OF COUNSEL FOR PLAINTIFFS
   TO JURY—WRIT ISSUED REQUIRING JUDGE TO RETRY THE ACTION.
   1. At the close of plaintiffs' evidence, court granted motion for nonsuit and entered judgment of dismissal from which an appeal was taken. It was held on appeal that plaintiffs had made a *prima facie* case and cause was remanded for a new trial. Cause came on for retrial before court with jury, and after counsel for plaintiff had made his opening statement to jury the court sustained a motion to dismiss the action and entered judgment of

dismissal. Thereupon a writ of mandate was prayed for to re-
quire court to proceed to try said action as directed by decision of
appellate court. *Held*, that the writ should issue.

(Syllabus by the court.)

Charles L. Heitman, for Plaintiff, files no brief.

No Appearance for Defendant.

SULLIVAN, C. J.—This is an application for a writ of
mandate to Honorable Ralph T. Morgan, judge of the district
court of the first judicial district of the state of Idaho, and
arises out of the suit of *Kroetch Bros. et al. v. Empire Mill
Company et al.*, 9 Idaho, 277, 74 Pac. 868. This case was
tried in said district court by said judge in the year 1903; and
after plaintiffs had introduced all of their evidence, on motion
of the defendants, a judgment of nonsuit was entered. From
that judgment the plaintiffs appealed to this court and the
opinion on that appeal is found as above stated. The judg-
ment of nonsuit was reversed and the cause remanded. The
cause thereafter came on for trial before said court on the six-
teenth day of March, 1904, sitting with the jury. After the
jury had been impaneled the attorney for the plaintiffs made
his opening statement to them, at the close of which counsel
for the defendant interposed a motion for a judgment based
on the opening statement of counsel, which motion was sus-
tained by the court and a judgment of dismissal entered, to
all of which the plaintiff duly excepted. Thereupon an appli-
cation was made for a writ of mandate to compel said judge
to proceed and try said cause on the ground that said court,
by the dismissal of said action, had failed to comply with the
mandate of this court as expressed in the opinion aforesaid.
In that opinion the court says: "Appellants assign thirty-nine
errors in the rulings of the court in this case, the last one of
which is directed against the action of the court in granting
a nonsuit. Without discussing the evidence introduced, suffice
it to say that the court erred in taking the case from the jury.
Plaintiffs had made, at least, a *prima facie* case. They had
shown a purchase of the property and introduced a bill of sale
therefor, and proved that they had taken possession of the prop-

erty and its conversion by defendants. This court has held that it is reversible error to grant a nonsuit where the plaintiff has made a *prima facie* case. . . . . Since we have concluded that the judgment of nonsuit was erroneously entered and that the case must go back for trial, it becomes our duty under the law to pass upon each of the thirty-nine assignments of error. . . . . The judgment is reversed and the cause remanded."

It will be observed from the above question that the court held in that opinion that the plaintiff had made a *prima facie* case and the cause was sent back to the district court for trial. And, as above stated, the court began the trial of said cause. After the impanelment of the jury counsel for appellant made his opening statement to the jury, which is before us; and, as we understand it, it covers and includes the facts presented by the evidence contained in the transcript on the former appeal. That being true, the court in entering said judgment of dismissal at that time failed to comply with the mandate of this court as expressed in said opinion. Upon that state of facts the peremptory writ of mandate must issue, directing said judge to proceed and try said cause.

In the issuance of said writ the court does not intend to intimate that the trial judge intended to disobey the mandate of this court as expressed in said opinion, but had taken the view that if every fact stated by counsel for plaintiff in his said opening statement to the jury were proved, the plaintiff would not be entitled to a judgment, and hence concluded that said statement contained other facts than those shown by the evidence presented on the former trial, and concluded that if said statements were all established by competent evidence, plaintiff would not be entitled to a verdict or judgment. But as this court had held, in its former opinion, that the plaintiff's evidence established a *prima facie* case, it was the duty of the court to proceed and retry the cause.

It is suggested under the provisions of section 4980, Revised Statutes, that this court should not issue the peremptory writ in the first instance on this application. The court considered that point and concluded that by the terms of the former opinion of this court in said cause the trial court was directed

Points decided.

to proceed and try the same, and as it had failed to do so and had entered a judgment of dismissal without trying the cause, the court concluded to issue the peremptory writ. The writ must be allowed, and it is so ordered. Costs of this proceeding are awarded to the plaintiffs.

Ailshie, J., concurs.

STOCKSLAGER, J.—With the facts as they exist in this case, I concur in the conclusion reached.