(June 17, 1919.)

## ED FREDERICK, Respondent, v. A. J. BRAINARD and R. L. BRAINARD, Appellants.

[182 Pac. 351.]

PLEADINGS AND PRACTICE—EVIDENCE—HEARSAY—DAMAGES.

1. It is not a proper ground for nonsuit that plaintiff's attorney, in his opening statement to the jury, failed to state a cause of action.

2. The admission of hearsay testimony in regard to a matter material to the issues constitutes reversible error.

3. On an appeal from a judgment alone, in the absence of a motion for a new trial in the court below, the question as to whether a verdict was the result of passion and prejudice on the part of the jury is not presented for review.

4. Where persons occupying a fiduciary relationship to a vendor of certain property induce his sale thereof to a third person by means of fraudulent representations, and at the time of making the representations they are negotiating a sale of the interest of the vendor in the property, together with their own interests therein, which negotiations afterward result in a sale, the measure of damages sustained by the vendor is the difference between the price he received for his interest at the prior sale and that which he would have received as a result of such negotiations had he not disposed thereof at the former sale.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon. William W. Woods, Judge.

Action for deceit. Judgment for plaintiff. Reversed and a new trial ordered.

James A. Wayne and H. E. Worstell, for Appellants.

Reed & Boughton and Ernest M. Flood, for Respondent.

Counsel cite no authorities on points decided.

RICE, J.—Appellants and respondent, who had been mining partners, organized a corporation under the laws of this state. Respondent alleged that at the time of the formation of the corporation a pooling agreement was entered into between himself and appellants, whereby all of the stock of the corporation was to be held subject to sale by a majority of the partners, and that appellants, some time after the organization of the corporation, represented to him that notwithstanding their best efforts to sell the capital stock of the corporation, or its property, they were unable to do better than to find a purchaser of the entire assets for $750; that respondent, believing the representations made to him, and in compliance with the pooling agreement, sold his stock in the corporation for $250; that the representations made by appellants were untrue and fraudulent, in that at the time they were made appellants had closed a deal for the sale of the corporate property to A. A. Dunphy for $20,000. Respondent further alleged that appellants fraudulently concealed from him the fact that they were engaged in negotiations for the sale of the property, and prevented him from meeting the purchaser. Respondent prayed for damages in the sum of $6,416, this being one-third of $20,000, less $250 which he had received. The appellants by their answer denied all the material allegations of the complaint. The jury returned a verdict for $1,000, and this appeal is from the judgment based thereon.

After respondent's opening statement to the jury a motion for nonsuit was made by appellants on the ground that no cause of action had been stated therein. The court's action

in denying the motion is assigned as error. The action of the court was in accordance with the decisions of this court. (*Wheeler v. Oregon R. & Nav. Co.*, 16 Ida. 375, 102 Pac. 347; *Rauh v. Oliver*, 10 Ida. 3, 77 Pac. 20; *Kroetch v. Morgan*, 10 Ida. 172, 77 Pac. 19.)

By the tenth assignment it is claimed that the court erred in denying the motion of appellants' counsel to strike the evidence of respondent as to matters of fact which had been stated to respondent by A. A. Dunphy. Respondent's counsel sought to prove by the testimony of respondent that A. A. Dunphy and appellant R. L. Brainard were together on the mining property of the corporation shortly prior to the time respondent was induced to sell his stock. This proof was material as tending to show that negotiations for the sale of the assets of the corporation were pending at the time respondent disposed of his stock, and also that appellants were concealing such negotiations, as well as the identity of the party with whom they were had.

Respondent testified, over objection of counsel for appellants, that he saw two men near the property on June 28, 1915, and that although at the time of seeing them he did not know who they were, he afterward learned that they were A. A. Dunphy and R. L. Brainard. Upon cross-examination he testified that the source of his knowledge was a statement made to him by Dunphy, nearly a year afterward, to the effect that it was he (Dunphy) and Brainard who were there at that time. The action of the court in refusing to strike the testimony as hearsay was prejudicial error, for which the judgment must be reversed. (*Allen v. Killinger*, 8 Wall. (U. S.) 480, 19 L. ed. 470.)

It appears from the record that the trial court, in overruling the motion, stated that the fact that Dunphy was there, and admitted being there, took the testimony out of the rule of hearsay. Dunphy was not a party to the action, nor interested in any way in the result thereof; neither was he a witness in the case. Broadly stated, in order to make a statement or declaration of a third party admissible in evidence,

he must stand in such relationship to the parties in interest, or to the subject matter of the controversy, that his statements are in effect admissions against the interest of a party to the suit, or admissions against his own interest at a time when he had an interest in the property, or the subject matter of the litigation, to which a party to the litigation has succeeded.   There must exist a privity between the declarant and a party to the action, or the declarant must have occupied the position of agency, or have been designated by a party as one from whom information might be obtained in regard to the matter in dispute.   (*Allen v. Killinger, supra; Chapman v. Twitchell,* 37 Me. 59, 58 Am. Dec. 773; *Georgia R. R. etc. Co. v. Fitzgerald,* 108 Ga. 507, 34 S. E. 316, 49 L. R. A. 175.)

In the case at bar, Dunphy did not occupy such relationship to the appellants, or to the subject matter of the litigation, that his statements could be used against them.

In view of the fact that another trial may be had, it is proper to consider another of the assignments of error.   Appellants insist that the evidence was insufficient to support a verdict for $1,000 in any view that may be taken thereof; that if a verdict was returned for respondent at all, it should have been in a larger sum than $1,000.   It is also claimed by appellants that there was no evidence from which the measure of damages could be established.   Appellants did not move for a new trial in the lower court.   An appeal from the judgment does not present for review the question as to whether or not the verdict was the result of passion or prejudice on the part of the jury.   Appellants cannot complain that the judgment against them was for a less amount than it should have been.

The contention that there was no evidence of damages under any proper rule for the measurement thereof is without merit. The measure of damages in this case is determined by the issues presented by the pleadings.   It was alleged that a pooling agreement existed, and that appellants had closed a deal for the sale of the corporate property at the time respondent

was induced, by means of fraudulent representations, to sell his stock. It is immaterial whether the deal was closed or not, provided negotiations for the disposition of the property, which afterward resulted in a sale, were under way. In view of the issues presented by the pleadings, if the jury found for respondent on all the issues, his measure of damages would be the difference between what he did receive and what he would have received from the sale made by appellants, as his proportion of the purchase price of the property, had he not been induced by them to dispose of his interest prior thereto. If the jury found there was a pooling agreement, the relationship between respondent and appellants would be fiduciary in its nature, and appellants could not, by fraudulent means, deprive respondent of his proportion of the purchase price without becoming liable to him for his loss. In case respondent proved that appellants perpetrated a fraud upon him, but failed to prove the existence of a pooling agreement to the satisfaction of the jury, the proper measure of damages was a matter to be covered by the instructions to the jury, which, not being contained in the record, are presumed to have been correct.

The judgment is reversed and a new trial ordered. Costs awarded to appellants.

Morgan, C. J., and Budge, J., concur.