(November 19, 1919.)

## GEORGE WRIGHT, Respondent, v. J. I. STEWART, Appellant.

### [185 Pac. 69.]

Damages—Pleading—Evidence—Instructions—Appeal and Error.

1.   The ruling on a demurrer cannot be reviewed on appeal from an order denying a new trial.

2.   Evidence examined and found to be sufficient, if the correct rule of measure of damages was properly applied thereto, to justify the verdict.

3.   In the absence of the instructions from the record, they will be presumed to have correctly stated the law.

[As to instructions not excepted to as law of the case on appeal, see note in Ann. Cas. 1913D, 300.]

4.   This court will not disturb a verdict or judgment because of conflict in the evidence if there is sufficient proof, if uncontradicted, to sustain it.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County.   Hon. F. J. Cowen, Judge.

Action for damages.   Judgment for plaintiff.   *Affirmed.*

Beakley & Stevens, for Appellant.

Tender is defined as an unconditional offer to pay what is due, and no proper pleading is found under which testimony on this point could have been introduced.   (*Kelley v. Clark,* 23 Ida. 1, Ann. Cas. 1914C, 665, 129 Pac. 921.)

J. E. Good, for Respondent.

To review the sufficiency of the allegations of a complaint, there must be an appeal from the judgment, and such question will not be considered or determined on an appeal from an order denying a new trial.   (*Naylor & Norlin v. Lewiston etc. Ry. Co.,* 14 Ida. 789, 96 Pac. 573; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9.)

Where the performance by defendant is a precedent condition to payment or performance by plaintiff, plaintiff need allege nor prove nothing more than a readiness and willingness to perform.   (*Gagnon v. Molden,* 15 Ida. 727, 99 Pac. 965; *Cadwell v. Blake,* 72 Mass. (6 Gray) 402; *Nesbitt v. McGehee,* 26 Ala. 748; 1 Wharton on Contracts, secs. 554, 557; Clark on Contracts, secs. 245, 249, p. 461.)

A judgment will not be reversed where the evidence is conflicting and there is substantial evidence to support the verdict of the jury.   (*Gumaer v. White Pine Lumber Co.,* 11 Ida. 591, 83 Pac. 771; *Just v. Idaho Canal etc. Co.,* 16 Ida. 639, 133 Am. St. 140, 102 Pac. 381; *Quayle v. Ream,* 17 Ida. 545, 106 Pac. 610; *Friedrich v. Donahue,* 20 Ida. 92, 116 Pac. 1029; *McMahon v. Cooper,* 23 Ida. 413, 130 Pac. 456.)

MORGAN, C. J.—This is an action for damages resulting from the refusal of appellant to permit respondent to use a ditch, in irrigating a crop of potatoes, in conformity to the

terms of an oral contract of lease. The verdict and judgment were for plaintiff, and this appeal is from an order denying defendant's motion for a new trial.

A demurrer to the complaint was denied and appellant relies, in part, upon that ruling for a reversal. Courts are limited in granting new trials to the grounds mentioned in C. S.,* sec. 6888, and the ruling on a demurrer, although erroneous, is not one of them. The sufficiency of the complaint was not before the trial court when it passed upon the motion and, therefore is not before us for review on an appeal from an order overruling it.

There was sufficient evidence to justify the jury in finding that, in a conversation held by appellant, respondent's father, his brother and another man, an agreement was reached to the effect that respondent might use the ditch, which was the only means whereby his crop could be irrigated, when needed during the irrigation season of the year 1916, and that he should pay appellant five dollars for each day it was used. While respondent was not present at the conversation, it is established that his father acted for him in making the contract and that he ratified it and relied upon it; that appellant, during the time the crop needed water, refused to permit respondent to use the ditch, and that damage resulted therefrom to the amount of the verdict.

Appellant insists no tender was made of the money it was agreed would be paid for the use of the ditch. None was necessary. There was no agreement that the rental should be paid in advance and, according to the terms of the contract, nothing would be due to appellant until the ditch had been used.

The evidence shows the amount of crop respondent raised with proper cultivation and without irrigation; also, by proof of the average amount of potatoes produced on similar land,

---

*REPORTER'S NOTE.—Compiled Statutes, a recompilation of Idaho statute law, which became available for citation in November, 1919. In accordance with an act of the 1919 legislature, Compiled Statutes, as a code, consists of the 1918 codification which was entitled Compiled Laws, with such changes as were required to insert the permanent legislation of the 1919 session. This code is hereinafter cited as C. S.

like situated in the vicinity, which was properly cultivated and watered, the amount he would have raised, in reasonable probability, had he been permitted to use the ditch. The value of the crop raised was proved as was also the market price of potatoes and the expense, per hundred pounds, of harvesting and marketing them. It was possible for the jury to apply to these facts the correct measure of damages and thereby to reach the verdict rendered. (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006; *United States Smelting Co. v. Sisam,* 191 Fed. 293, 37 L. R. A., N. S., 976, 112 C. C. A. 37; *Smith v. Hicks,* 14 N. M. 560, 98 Pac. 138.) The instructions are not incorporated in the record and it will be presumed they correctly advised the jury as to the law. (*Monarch etc. Co. v. McLaughlin,* 1 Ida. 617; *Gumaer v. White Pine etc. Co.,* 11 Ida. 591, 83 Pac. 771; *Frederick v. Brainard, ante,* p. 296, 182 Pac. 351.)

The evidence is conflicting, but this court will not disturb a verdict or judgment because of conflict in the evidence if there is sufficient proof, if uncontradicted, to sustain it.

The order appealed from is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.