(November 21, 1919.)

# EARNEST D. ADAMSON, Respondent, v. CHARLES G. MATTSON, Appellant.

[185 Pac. 553.]

APPEAL AND ERROR—INSTRUCTIONS—EVIDENCE.

    1. In the absence from the record of the instructions given it will be presumed they fully and fairly stated the law applicable to the facts of the case, and this court will not review the action of the trial judge in refusing to give instructions requested by appellant.

2. It is not error to reject a proffered exhibit which neither tends to 'establish nor disprove any matter in issue.

3. The record in this case does not disclose that the jury erred in rejecting evidence offered by appellant.

APPEAL from the District Court of the Ninth Judicial District, for Jefferson County. Hon. James G. Gwinn, Judge.

Action on account. Judgment for plaintiff. *Affirmed.*

C. E. Crowley, for Appellant.

A verdict exceeding the highest amount claimed or proved will be set aside as excessive and contrary to the evidence. (*Wyman v. Erickson,* 35 Minn. 202, 28 N. W. 240; *Bell v. Cherrie,* 8 Ill. App. 310; 14 Ency. of Pl. & Pr., 762, 763; *Miller v. Brown,* 82 Iowa, 79, 47 N. W. 895.)

Wm. P. Hemminger, for Respondent.

A clerical error in the calculation of interest or in fixing the date from which interest shall run may be corrected by an amendment. (23 Cyc. 875.) An amendment may be made where the amount of the judgment is in excess of that claimed by the plaintiff in his pleadings. (23 Cyc. 874; *Sherwood v. Kyle,* 125 Cal. 652, 58 Pac. 270; *Bentley v. Hurlburt,* 153 Cal. 796, 96 Pac. 890.)

MORGAN, C. J.—Respondent sued for wages earned while employed by appellant as a farm laborer; also for a penalty as provided by C. S., sec. 7381, claiming he was discharged without being paid the wages due him. As a second cause of action he claimed compensation for the use of a horse belonging to him and which he employed in working for appellant.

Appellant admitted hiring respondent, but disputed the amount of wages claimed by him and denied liability for the use of the horse. He alleged he had paid respondent in full, in cash, by merchandise delivered, and by caring for, feeding and pasturing horses belonging to him. In a further answer and counterclaim he asked for judgment for a sum of money

claimed to be due to him from respondent for the use of a team and buggy.

The verdict was for plaintiff and defendant has appealed from a judgment based thereon and from an order denying a new trial.

The assignments of error will be grouped as follows: 1. The refusal to give certain requested instructions; 2. Rejection, as evidence, of appellant's exhibit No. 3; 3. Insufficiency of the evidence to support the verdict.

The instructions given are not in the record, and there is no showing that the points contained in appellant's requests were not fully and fairly covered in the charge to the jury. In the absence from the record of the instructions, as given, it will be presumed they were not erroneous. (*Gumaer v. White Pine etc. Co.*, 11 Ida. 591, 83 Pac. 771.)

The record relative to the exhibit is as follows: "At the trial the defendant offered in evidence a copy of a letter which the defendant testified he had mailed to the plaintiff with a check for $43.16, and which letter plaintiff testified he had never received; the court ruled said evidence to be incompetent, to which ruling defendant excepted."

There is no dispute about the payment of the $43.16 and the only other fact the letter would tend to establish was that appellant offered to arbitrate his claim for feeding respondent's horses. This was not in issue and the exhibit was properly rejected.

The record does not contain the evidence submitted at the trial, but in lieu thereof appears a statement of the case which is but a summary of what it is agreed the evidence of the respective parties tended to establish. This statement shows there was testimony introduced by appellant with respect to certain items for feeding and caring for respondent's horses and for the use by the latter of a team and buggy belonging to the former, and as to the reasonable value of such services. It does not appear that respondent offered evidence in opposition thereto, nor does the record disclose whether the testimony offered on behalf of appellant, upon these points, was given by himself or others, what the testimony was or

how probable or improbable it may have appeared that the witness, or witnesses, spoke the truth. Upon the showing so made this court is unable to reach the conclusion the jury erred in disregarding the evidence upon the points in question. As was said by the supreme court of Arkansas in *Skillern v. Baker*, 82 Ark. 86, 118 Am. St. 52, 12 Ann. Cas. 243, 100 S. W. 764, and quoted by this court in *First Nat. Bank v. Hall*, 31 Ida. 167, 169 Pac. 936:

"It may be said to be the general rule that where an unimpeached witness testifies distinctly and positively to a fact and is not contradicted, and there is no circumstance shown from which an inference against the fact testified to by the witness can be drawn, the fact may be taken as established, and a verdict directed based as on such evidence. But this rule is subject to many exceptions, and where the witness is interested in the result of the suit, or facts are shown that might bias his testimony or from which an inference may be drawn unfavorable to his testimony or against the fact testified to by him, then the case should go to the jury."

On oral argument it was admitted by counsel for respondent that the verdict was for $3.09 more, on the first cause of action, than the amount due thereon, by reason of an error on the part of the jury in computing the interest, and he offered to remit that amount and asked that the judgment be so modified as to do so.

The trial court is directed to modify the judgment by deducting $3.09 therefrom, and, so modified, it is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.