(April 17, 1922.)

R. D. SWAN and MINNIE SWAN, Respondents, v. HUGH SPROAT and McMILLAN SHEEP COMPANY, LIMITED, a Corporation, Appellants.

[209 Pac. 1070.]

APPEAL AND ERROR — INSTRUCTIONS — ABSENCE FROM RECORD — SCHOOL LANDS—EASEMENT.

1. Where appellants fail to bring up instructions given by the trial court, it is impossible for this court to consider error based upon instructions requested by appellants and refused.  In this situation it is presumed that the trial court correctly instructed the jury.

2. Where an irrigation ditch extends across a school section the state only can attack the user's right to such right of way.

APPEAL from the District Court of the Third Judicial District, for Boise County.  Hon. Chas. F. Reddoch, Judge.

Action for damages. From judgment for plaintiffs, defendants appeal. *Affirmed.*

Elliott & Healy and D. L. Rhodes, for Appellants, cite no authorities on points decided.

Harry L. Fisher, for Respondents.

The record shows that respondents have obtained a right of way by prescription, through the open, notorious, adverse and continuous use of the ditch for many years. (*Gorrie v. Weiser Irr. Co.,* 28 Ida. 248, 153 Pac. 561; *Swank v. Sweetwater Irr. & Power Co.,* 15 Ida. 353, 98 Pac. 297.)

The state is the only one who can raise the question. (*Tobey v. Bridgwood,* 22 Ida. 566, 127 Pac. 178.)

The actual possession, occupancy and ownership of any person to property must be respected by all strangers and interlopers. They have nothing to say even though the state in a proper case might have an unquestioned right. (*War Eagle Con. Min. Co. v. Dickie,* 14 Ida. 534, 94 Pac. 1034.)

DUNN, J.—In their complaint respondents set up three causes of action against appellants. The first is for damage to an irrigation ditch by a flock of about three thousand sheep belonging to appellants; the second is for damage to crops by reason of lack of water resulting from said damage to respondents' ditch; the third is for loss of grass and pasturage on lands which the respondents claim to have had under lease by reason of appellants permitting their flocks to "eat up, trample out, waste and destroy" the same. The jury returned a verdict for respondents for $100 on their first cause of action; $50 on the second, and $75 on the third.

Appellants assign as error the refusal of the court to give certain instructions requested by them, and the insufficiency of the evidence to show that respondents had any right to the lands claimed by lease; or to show any value at all of the grass alleged to have been destroyed; or to show any damage to respondents' crop resulting from the

trespass of appellants' sheep; or to show that the damage, if any, to the respondents' ditch exceeded the sum of $50.

Appellants have not brought up the instructions given by the court in this case and it is therefore impossible for this court to consider error based upon instructions requested by appellants and refused by the court. In this situation it is presumed that the trial court correctly instructed the jury. (*Adamson v. Mattson*, 32 Ida. 493, 185 Pac. 553; *Wright v. Stewart*, 32 Ida. 490, 185 Pac. 69.)

So far as the value of the grass destroyed, the damage to respondents' crops and the damage to their ditch are concerned, the evidence is sufficient to support the verdict and judgment.

Respondents' ditch extends in part across a school section on which the Highland Land and Livestock Company held a lease. Appellants have sought to take advantage of the fact that respondents had not obtained from the state a right of way for their ditch over said section and that the respondents' claim to the grass on a portion of said section was based upon an oral agreement with said Highland Land and Livestock Company. Appellants also claimed a right on said section by reason of an oral agreement with said Highland Land and Livestock Company. The rights granted to the parties on said section under their respective agreements with the Highland Company do not appear to be in conflict. As to the right of way for respondents' ditch the state is not complaining, and appellants can have no advantage of the fact that respondents have not proceeded in the statutory manner to acquire an easement. This does not give them authority to destroy respondents' ditch.

We have examined the other assignments of error and find them without merit. The judgment is affirmed, with costs to respondents.

Rice, C. J., and Budge, J., concur.

Points Decided.

(November 6, 1922.)

ON REHEARING.

DUNN, J.—A rehearing was ordered in this case. We have carefully examined the matters presented by appellants and respondents and no reason is found for changing the original opinion.

Rice, C. J., and Lee, J., concur.

McCarthy, J., dissents.