(February 26, 1923.)

## N. JENNESS and HAROLD JENNESS, Copartners, Respondents, v. CO-OPERATIVE PUBLISHING COMPANY, a Corporation, Appellant.

[213 Pac. 351.]

PLEADING AND PRACTICE—MOTION FOR NEW TRIAL—ERRORS REVIEWABLE ON SUCH MOTION—ACTION FOR LIBEL—WHEN MAINTAINABLE WITHOUT PROOF OF SPECIAL DAMAGE.

1. In granting new trials, courts are limited to the grounds enumerated in C. S., sec. 6888. An erroneous ruling on a demurrer not being one of the grounds, such ruling will not be reviewed on an appeal from an order denying a new trial.

2. On an appeal from an order denying a new trial, a complaint will be held sufficient unless it fails in any view of the pleadings to state a cause of action.

3. Where a publication is not libelous *per se*, but is of such a character that it might expose the person about whom it was written to public hatred, contempt or ridicule and cause injury to his business, a complaint which charges that it does do so states a cause of action good against a general demurrer.

4. Where the publication of an article is admitted, which is not libelous *per se*, and no malice is shown, and the plaintiff admits having suffered no pecuniary loss in his business by reason of such publication, the verdict awarding plaintiff damages will be set aside because of there being no evidence to support the same.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action for libel. Judgment for plaintiffs. From order denying motion for new trial, defendant appeals. *Reversed* and *remanded* for new trial.

M. H. Eustace, for Appellant.

The publication complained of is not libelous *per se*. (C. S., sec. 8253; 25 Cyc. 364; *Clark v. Fitch*, 41 Cal. 472; *Crashley v. Press Pub. Co.*, 179 N. Y. 27, 1 Ann. Cas. 196,

71 N. E. 258; *Stone v. Cooper,* 2 Denio (N. Y.), 293; *Baxter v. Dorrington,* 13 Ariz. 140, 108 Pac. 459; *Brown v. Independent Pub. Co.,* 48 Mont. 374, 138 Pac. 258; *Lemmer v. The Tribune,* 50 Mont. 559, 148 Pac. 338; Odgers, Libel and Slander, 5th ed., pp. 17, 72.)

Unless the publication is libelous *per se,* the respondent must allege and prove damages. (13 Ency. Pl. & Pr. 32; 25 Cyc. 436, 454, 455; Odgers, Libel and Slander, 5th ed., pp. 377, 382, 383; *Pollard v. Lyon,* 91 U. S. 225, 23 L. ed. 308; *Ledlie v. Wallen,* 17 Mont. 150, 42 Pac. 289; *Bush v. McMann,* 12 Colo. App. 504, 55 Pac. 956; *Denny v. Northwestern Credit Assn.,* 55 Wash. 331, 104 Pac. 769, 25 L. R. A., N. S., 1021; *Velikanje v. Millichamp,* 67 Wash. 138, 120 Pac. 876; *Pollock v. Evening Herald Pub. Co.,* 28 Cal. App. 786, 154 Pac. 30; *Clark v. Morrison,* 80 Or. 240, 156 Pac. 429; *Nunnery v. Bailey,* 65 Okl. 260, 166 Pac. 82; *Talbot v. Mack,* 41 Nev. 245, 169 Pac. 25; *Kee v. Armstrong, Byrd & Co.,* 75 Okl. 84, 182 Pac. 494, 5 A. L. R. 1349.)

The complaint must show a specific allegation that the alleged business of respondents, as an entity, has suffered by reason of the publication before an action can be maintained by the copartnership. (25 Cyc. 426; *Davis v. Ruff,* Cheves (S. C.), 17, 34 Am. Dec. 584; *Beardsley v. Tappen,* 2 Fed. Cas. 1188A.)

Rhodes & Partridge, for Respondents.

This court will not consider or review the sufficiency of the complaint on an appeal from an order denying a new trial. (*Naylor v. Lewiston Ry. Co.,* 14 Ida. 722, 96 Pac. 573; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Wright v. Stewart,* 32 Ida. 490, 185 Pac. 69; *Swett v. Gray,* 141 Cal. 63, 74 Pac. 439; *Bode v. Lee,* 102 Cal. 583, 36 Pac. 936; *Evans v. Paige,* 132 Cal. 132, 36 Pac. 406.)

The article complained of is libelous *per se* and the proof of the publication made a *prima facie* case to go to the jury. (C. S., sec. 8253; *Dwyer v. Libert,* 30 Ida. 576, Ann. Cas. 1918B, 973, 167 Pac. 651; *State v. Sheridan,* 14 Ida. 222,

93 Pac. 856, 15 L. R. A., N. S., 497; *Pacific Packing Co. v. Bradstreet*, 25 Ida. 696, Ann. Cas. 1916D, 761, 139 Pac. 1007, 51 L. R. A., N. S., 893; *Lewis v. Haynes*, 177 Cal. 587, 171 Pac. 293; *Kelley v. Roetzel*, 64 Okl. 36, 165 Pac. 1150; *Bodine v. Times Pub. Co.*, 26 Okl. 135, 110 Pac. 1096, 31 L. R. A., N. S., 147; *McClellan v. L'Engle*, 74 Fla. 581, 77 So. 270; *Shyrock v. S. P. Calkins & Co.*, 248 Fed. 649; *Fitch v. De Young*, 66 Cal. 339, 5 Pac. 364.)

Malice is presumed by the publication of an article libelous *per se.*    (*Childers v. San Jose Mercury Printing & Pub. Co.*, 105 Cal. 284, 45 Am. St. 40, 38 Pac. 903; 25 Cyc. 373.)

WILLIAM A. LEE, J.—This was an action by respondents to recover damages for an alleged libelous article published in the "Idaho Free Press," a newspaper published by appellant at Nampa, Canyon county, Idaho.

The alleged defamatory words complained of are set out in the complaint *haec verba.* To this complaint appellant demurred generally and specially, and contended that the words used were not libelous *per se* and that respondents having failed to allege by way of inducement any extrinsic facts and connect such facts by proper colloquium so as to render them actionable, it fails to state a cause of action.

The demurrer was overruled and appellant answered, admitting the publication of the alleged libelous article, but denied that the statements therein contained were libelous or that they were published with any intention to injure respondents' business or to expose them to public ridicule or contempt, or that their business was in any manner injured by such publication, and denied all the other material allegations of the complaint. By way of affirmative defense, appellant alleged that the objectionable article was composed and published by one of its employees, without the knowledge or consent of the general manager or managing editor, neither of whom saw or knew anything of said article until after the same was published. By way of a pleading termed "cross-complaint and for affirmative relief," appellant set

up a similar cause of action against respondents and prayed for an affirmative judgment, which cross-complaint was stricken from the pleadings on motion.

The cause was tried by the court with a jury, which returned a verdict for respondents, fixing their damage at $100, and a judgment was entered for this amount, with costs taxed at $59.50. Appellant moved for a new trial upon certain of the statutory grounds enumerated in C. S., sec. 6888, and this appeal is taken from the order denying this motion for a new trial.

Appellant assigns a large number of errors, all of which are predicated upon its contention that the publication was not libelous *per se,* that no matters of inducement or averments of extraneous facts were alleged in the complaint which imputed to plaintiffs that they had been guilty of any crime, fraud, dishonesty or immorality, or anything that tended to injure them in their good name, office, profession or calling, or to hold them up to ridicule, hatred or scorn, and that no special damages having been proven, the evidence is insufficient to support the verdict. This appeal being taken from the order denying appellant's motion for a new trial only, the error based upon the order overruling appellant's demurrer to the complaint cannot be considered on this appeal, unless such complaint is so defective that it fails to tender any issue of fact, and therefore would not constitute a basis for an affirmative judgment, for the reason that in granting a new trial, courts are limited to the grounds specified in C. S., sec. 6888, and an erroneous ruling on a demurrer is not one of such grounds. On an appeal from an order denying a new trial, the sufficiency of the complaint will not be considered unless it fails in any view of the pleadings to state a cause of action. (*Naylor v. Lewiston etc. Ry. Co.,* 14 Ida. 789, 96 Pac. 573; *Maw v. Coast Lumber Co.,* 19 Ida. 396, 114 Pac. 9; *Wright v. Stewart,* 32 Ida. 490, 185 Pac. 69.)

Aside from this, the record presents but two questions for review by this court: First, is the alleged libelous matter pleaded by respondents, the publication of which is admitted

by appellant, libelous *per se*, and if not, is there any evidence to support the verdict of the jury?

C. S., sec. 8253, defines libel to be:

"A malicious defamation, expressed either by writing, printing or by signs or pictures, or the like, tending to blacken the memory of one who is dead, or to impeach the honesty, integrity, virtue or reputation, or publish the natural or alleged defects, of one who is alive, and thereby expose him to public hatred, contempt or ridicule."

Because of the length of the article complained of, it will not here be repeated, but the following are the parts which appear to have been most objectionable to respondents:

"Jenness, Hoy & Co., try to put over big coup. Meeting at City Hall to take fall out of Free Press blows up when aims are revealed. Editorial seized as pretext for joining hands with Capital City interests in an attempt to scuttle Nampa."

The article then proceeds to say that the Boise papers and the "Leader Herald," whose business and subscription lists have been badly cut into by appellant, had their agents at work in Nampa to stir up trouble, seizing upon an editorial in the "Free Press" as a pretext for a meeting of:

"Corporation boosters, camouflaged as patriots, with Lamson, Jenness and Hoy at their head . . . . the motive being to discipline the Free Press and to acquire for Jenness the authority to write its editorials."

The article further states that a meeting was called and resolutions were passed, and that if a sufficient number of signatures could be obtained, Jenness expected the "Free Press" to invite him to write its editorials thereafter. It then continues:

"Jenness of the Leader Herald and the loop reporter of the Capital News, galled by the inroads the Free Press has been making in their business, read the editorial to the languid spectators at Jenness' meeting, and got themselves so stirred up over it that, begorrah, they began to yell for

a bomb themselves. They were going to blow up the Free Press building, bedad.''

While this article could not be called a classic in English literature, it is evident that the writer did not intend that it should be taken literally, but rather as a hyperbole of speech, and it would be so understood by the ordinary reader. It is not an unusual example of that form of ribaldry resorted to by a class of writers in describing the acts and conduct of their rivals or those they seek to criticise, where such writers have not the necessary skill or cleverness to express themselves in a more parliamentary manner. The article is an exemplification of a form of caricature that frequently appears, but in a more approved and refined form, in the current newspapers of the day, whereby they attempt to emphasize and set forth the shortcomings of men prominent in public life, or political parties or reform movements against which the writer is seeking to create an adverse public opinion. Many of these writings and cartoons appearing in the public press are often useful in creating and directing public opinion toward needed reforms or the suppression of evil. If the law should hold all this class of articles, whether by pictures or writing, actionable *per se,* without a showing of malice or pecuniary loss to the party alleged to have been injured, it would so effectually restrain the press and tend to prevent it from giving the needed publicity to matters of vital importance to the public welfare that it would greatly impair one of the most potent influences for good we have, for all experience shows that there is no power so great in suppressing wrong as its pitiless exposure in the public press. Furthermore, if this class of publications was actionable without the plaintiff being required to show any injury, it would result in a vast amount of unimportant litigation. *De minimis non curat lex*—the law does not concern itself with trifles—is an ancient maxim particularly applicable to this class of cases.

If it appeared in the instant case that the alleged libel was published maliciously, or that it imputed to plaintiffs

that they were guilty of any crime, fraud or dishonesty, or any immoral or vicious practices, or that it injured them in their good name, office or profession, or held them up to the ridicule, hatred or scorn of their fellow-men, the injurious character of the publication would be presumed, and would necessarily import damage, so that special damages need not be proved.  We think the words used in the alleged libelous article cannot be said to be libelous *per se.*  Special damages were alleged, but the proof not only fails to sustain the allegation, but, on the contrary, does sustain the contention of appellant that no damage actually did follow the publication of this article.  By reference to the testimony of respondents, it will be seen that they both testify in effect that they knew of no actual loss to their business that they had suffered by reason of its publication, but that in fact their business had actually grown better, aside from a week or two following its first appearance.  Even with respect to some of the advertisers who curtailed the amount of their advertising patronage soon after the appearance of this article, both respondents frankly admit that they were unable to say that the article in question had anything to do with this loss of business.

We conclude that the verdict is without support in the evidence, and that the cause should be reversed, with instructions to set aside the verdict and grant appellant a new trial.  It is so ordered.  Costs awarded to appellant.

Dunn and William E. Lee, JJ., concur.