Moses Hess, deceased, resided in Oregon before coming to Idaho in 1903. He was married and the plaintiff and respondent, Elmer Hess, is his son. The mother of Elmer Hess died, and Moses Hess before coming to Idaho, married defendant and appellant, Lillie B. Hess, then Mrs. Miller, a widow. At the time of the marriage of Moses Hess and appellant, Moses Hess owned certain real and personal property and appellant owned certain real and personal property. After this marriage, Moses Hess took title to additional real property, payment for which was made from the separate funds of himself and appellant. They sold all the property owned by each of them as well as that jointly owned, except a small amount of personal property, moved to this state and, in 1903, purchased a farm in the Payette Valley a few miles below Emmett. Title to the land stood in the name of Moses Hess. Respondent accompanied them to this state, and he alleges and testifies that shortly thereafter he made and entered into an oral agreement with his father that he would rent the land and pay therefor one-half the crop produced and that he would level the land, construct ditches thereon and otherwise improve it in consideration of which his father agreed that he would give him half of the land or half of the proceeds thereof if it were sold; and in pursuance of the agreement respondent continued to reside on the land until it was sold in 1920. Moses Hess then bought a home in Emmett, in which he resided until it was disposed of and purchased another home in which he resided until his death. Title to the last two places stood in the name of appellant. The farm was sold for $16,000; $7,000 was paid in money; $5,000 was paid in notes secured by a mortgage on other property, referred to as the Lyon notes, and a note for $4,000, secured *Page 362 
by a mortgage on the farm sold, represented the balance. Moses Hess died March 13, 1922. In the probate proceedings to administer his estate, the inventory showed real and personal property of the appraised value of $9,800, in which the Lyon notes were included, all of which was distributed to appellant, the surviving widow. Respondent, either during the administration or soon thereafter, commenced his action against appellant alleging that she had converted his one-half of the receipts from the sale of the farm. The cause was tried to the court and jury. Respondent obtained a verdict for $8,000, on which judgment was made and entered. A motion for a new trial was made and denied, and this appeal is from the judgment and the order denying the motion for a new trial.
It is the position of respondent that the contract between Moses Hess and himself was one in which Moses Hess employed him and agreed to pay him one-half the farm or one-half of its proceeds if sold; that the contract was fully performed by each, and that Moses Hess recognized the ownership of respondent in and to $8,000 and agreed to keep such sum until a satisfactory opportunity arose to invest it in a home for him, and that the money which Moses Hess had held in trust for respondent came into appellant's hands and was converted by her. Appellant assigns a number of reasons which she insists demand a reversal of the judgment and a new trial.
All the property that it may be said Moses Hess owned or had in his possession at the time of his death, with the exception of $5,000 on deposit in the Bank of Emmett represented by certificates of deposit, was inventoried as belonging to the estate of Moses Hess, and was decreed to appellant. The court instructed the jury that appellant could not be held to have converted any property distributed to her by the probate court. No objection or exception was taken to this instruction, and it is the law of the case on this appeal. At the time of his death and for some time prior thereto, Moses Hess had deposits in the Bank of Emmett, one of which was subject to check and the other *Page 363 
represented by certificates of deposit. All the deposits in the bank were in the name of Moses Hess, although it seems that an arrangement existed whereby appellant could check out money on the checking account by signing her husband's and her own name. Appellant did not list the certificates of deposit, or the $5,000 represented by them, as belonging to the estate of Moses Hess. This $5,000 is the only money or property, shown by the evidence, to have been held by Moses Hess when he died, not included in the inventory of his estate and that could have been converted by appellant, and there is considerable testimony that it had been given to appellant prior to Moses Hess' death. However, since appellant could not have converted more than $5,000, it follows that there was no evidence to sustain a verdict for $8,000. For this reason, the judgment must be reversed.
The record does not disclose any demurrer to the complaint, but it is argued that the complaint does not state facts sufficient to constitute a cause of action. That a complaint does not state a cause of action may be raised for the first time in this court. (C. S., sec. 6693.) Our examination of the complaint has not convinced us that it does not state a cause of action, under the rule stated in Jenness v. Co-operativePublishing Co., 36 Idaho 697, 213 P. 351, and the cases there cited.
A number of alleged errors have been assigned which it would ordinarily, in remanding a cause for a new trial, be the duty of this court to determine. These alleged errors, however, or most of them, were not brought to the attention of the learned trial judge and he was not thereby given a fair opportunity to rule on them. Counsel who argued the cause for appellant have been retained since the trial. In view of these facts, and of the likelihood that the question which we do not pass on may not arise on a new trial, we have concluded that we will not determine them.
Judgment reversed. Costs to appellant.
William A. Lee, C.J., and Budge, Givens and Taylor, JJ., concur. *Page 364