[Civ. No. 12540.   Second Appellate District, Division Two.—September 12, 1940.]

LEO JOHNSTON, Appellant, v. THOMAS V. BREWER, Respondent.

Max M. Gilford and Glenn C. Ames for Appellant.

Joseph A. Spray and Charles P. Gould for Respondent.

THE COURT.—Plaintiff commenced this action to recover damages for personal injuries received when he was struck by an automobile driven by defendant. The action was tried before a jury which returned a verdict in favor of defendant. From the judgment entered upon such verdict and an order denying a motion for new trial plaintiff has taken this appeal.

The accident in which plaintiff received his injuries occurred in the city of Los Angeles at approximately 2 A. M. on November 20, 1937. On the morning of the accident, plaintiff left his residence at approximately 1:30 A. M. and proceeded to a restaurant where he purchased a glass of beer. Upon leaving this restaurant he walked to a cafe at the intersection of Venice Boulevard and Main Street where he partook of some food. Leaving this cafe, plaintiff crossed to the northeast corner of the intersection of Venice Boulevard and Main Street at which point he stopped, looked in both directions on Main Street, and proceeded to cross Main Street in a westerly direction. Plaintiff testified that he had observed an automobile traveling north on Main Street at a point about one block south of Venice Boulevard but that after starting to cross Main Street in the crosswalk he remembers nothing more. Actually there were two automobiles traveling north on Main Street immediately prior to the accident. As the automobiles approached the intersection of Venice Boulevard and Main Street defendant guided his car close to the easterly curb of Main Street in order to avoid a pedestrian safety zone which was just south of Venice Boulevard and the other automobile continued on its course straddling the street car tracks east of the center line of Main Street. The automobiles maintained their relative positions as they proceeded through the intersection until they reached a point approximately 50 feet north of the north curb line of Venice Boulevard, where the automobile which was following the street car tracks swerved to the left to avoid striking plaintiff. Defendant testified that he saw plaintiff step backward away from the other automobile but was unable to avoid striking plaintiff. As a result of the accident plaintiff suffered a laceration on the back of his

head, a compound comminuted fracture of the left leg and a comminuted fracture of the left arm.

It is first contended by plaintiff that the court committed prejudicial error in instructing the jury relative to the doctrine of last clear chance. Plaintiff does not criticize the principles enunciated by the court in the instruction but contends that the doctrine of last clear chance was not applicable under the facts. We deem it unnecessary to decide whether the evidence was sufficient to justify the court in giving the questioned instruction, for no possible prejudice could have resulted to plaintiff in any event. Plaintiff relies upon the rule that where evidence of one or more of the elements essential to the application of the doctrine is lacking, the giving of such an instruction is reversible error. (*Wallis* v. *Southern Pac. Co.*, 184 Cal. 662 [195 Pac. 408, 15 A. L. R. 117] ; *Erwin* v. *Morris,* 10 Cal. App. (2d) 168 [51 Pac. (2d) 149].) Upon examination of the Wallis and Erwin cases, it will be noted that in each instance the defendant was appealing from a judgment in favor of plaintiff. In each case the claim that the giving of the instruction relating to last clear chance was prejudicial error was made by the defendant. The opposite picture is presented by the instant case. Here the appeal is by plaintiff from a judgment in favor of defendant and plaintiff raises the contention that the instruction was erroneously given. When such circumstances are considered in the light of the purpose of the doctrine of last clear chance the nonprejudicial effect of such instruction is apparent. The doctrine has been thus succinctly stated: "A party who has the last clear chance to avoid the accident, notwithstanding the previous negligence of a plaintiff, is solely responsible." (*Trowbridge* v. *Briggs,* 140 Cal. App. 554 [35 Pac. (2d) 426].) The result of the proper application of the doctrine in any given case is to permit plaintiff to recover damages *notwithstanding* his own contributory negligence where defendant had the last clear chance to avoid the accident. It is thus evident that the effect of the giving of such instruction was to inform the jury that they might disregard the normal consequences which would follow from proof of plaintiff's contributory negligence and permit him to recover despite such proof. Obviously where such instruction is improperly given and the jury returns a verdict in favor of the plaintiff, as in

*Wallis* v. *Southern Pac. Co.* and *Erwin* v. *Morris, supra,* the defendant is the party who is prejudiced. But in the instant case, where the verdict was in favor of defendant, the error, if any, in the giving of such instruction was more favorable than prejudicial to plaintiff. By permitting the jury to consider the evidence in the light of the last clear chance doctrine plaintiff was afforded an opportunity to avoid the bar to recovery of damages which normally follows from proof of contributory negligence.

The court gave an instruction to the effect that section 41.27 of the Municipal Code of the city of Los Angeles provided that, "No person shall be or appear in any place open to public view or on any street, sidewalk, highway or railway depot in a state of drunkenness or intoxication." The jury was also informed that if they found that plaintiff had violated the provisions of the foregoing ordinance, "he was guilty of negligence as a matter of law". It is urged by plaintiff that the giving of such instruction was error for the reason that plaintiff was not of the class of persons intended to be protected by the ordinance. Conceding that a violation of a municipal ordinance is ordinarily negligence *per se,* plaintiff contends that such rule operates only in favor of a person who is within the class of persons intended to be benefited thereby, relying upon the rule as stated in *Figone* v. *Guisti,* 43 Cal. App. 606 [185 Pac. 694], and *Corbett* v. *Spanos,* 37 Cal. App. 200 [173 Pac. 769]. Plaintiff argues that the ordinance in question was enacted for the sole purpose of protecting the public from the sight of inebriates in public places. In determining the intent with which an ordinance was enacted our consideration is primarily directed to discovering the evil sought to be remedied by it. (*In re Alexander,* 128 Cal. App. 651 [18 Pac. (2d) 410].) Plaintiff would have us hold that the sole purpose of such ordinance was to protect the aesthetic sense of the general public by barring unpleasant sights from the public view. Such a construction is too narrow. It is common knowledge that one whose senses have been dulled by intoxicants is unable to control his bodily movements in a normal manner and as a result the presence of such persons upon the public streets and highways is dangerous not only to themselves but to others who are lawfully using the streets and highways. It is evident that the ordinance was enacted in the

interests of the general welfare for the dual purpose of protecting intoxicated persons from the results of their own folly and of protecting the general public from the dangers and other evils attendant upon the presence of such persons upon the streets and highways and in other public places. ·

■ Under such construction defendant is clearly within the class of persons for whose benefit the ordinance was enacted. Since it is settled that a violation of a municipal ordinance is negligence as a matter of law (*Hutchinson* v. *Miller & Lux, Inc.*, 60 Cal. App. 1 [212 Pac. 394]; *Benjamin* v. *Noonan*, 207 Cal. 279 [277 Pac. 1045]), the court did not err in so instructing the jury. Since the evidence as to plaintiff's intoxication was conflicting such issue was properly submitted to the jury under the instruction in question and other appropriate instructions.

■ The refusal of the court to permit plaintiff to introduce certain testimony in rebuttal is next assigned as error. After defendant had rested his case plaintiff's counsel called a witness who was asked if he had examined the scene of the accident to ascertain whether or not there were skid marks. Defendant's objection that such testimony was not proper rebuttal evidence was sustained. As a part of plaintiff's case in chief testimony to the effect that defendant's car had skidded approximately 50 feet was introduced. Thereafter upon cross-examination of defendant by plaintiff's counsel the following took place: "Q. Did your tires skid from the application of your brakes? A. I don't know. Q. What is your recollection in that regard? A. Well, I was rather nervous all the time and excited—. Q. I am asking you what is your recollection? A. My recollection would be no." This is the testimony sought to be rebutted by the excluded evidence. ■ The trial court is vested with a sound discretion as to the permissible scope of evidence offered in rebuttal. (*Pontecorvo* v. *Clark*, 95 Cal. App. 162, 179 [272 Pac. 591].) Where as here the proffered testimony is merely cumulative of relevant evidence received as a part of plaintiff's case in chief, the action of the court in refusing to admit it in evidence is not an abuse of discretion. (*Pontecorvo* v. *Clark, supra.*) Moreover, the testimony sought to be rebutted was not of a positive fact but was merely the surmise of a harried witness who had previously stated that he had no knowledge of such fact. Under such circumstances the rul-

ing of the trial court did not exceed the limits of the sound discretion with which it was vested.

The remaining contentions advanced by plaintiff deal with the refusal of the court to give certain requested instructions. Plaintiff requested an instruction in the language of section 562 of the Vehicle Code, which sets forth the duty of a pedestrian crossing a roadway at a point other than at a crosswalk to yield the right of way and concluding in the following manner: "The provisions of this section shall not relieve the driver of a vehicle from the duty to exercise due care for the safety of any pedestrian upon a roadway." The asserted error in the refusal of the court to give this instruction is that the jury was not instructed that defendant was bound to exercise due care toward plaintiff even though the latter was not in a crosswalk at the time of the accident. The court did not err in refusing to give the above instruction, for by other instructions the jury was clearly and adequately advised that both plaintiff and defendant were bound to exercise ordinary care under all the circumstances and that neither was required to use a greater degree of care than the other.

The asserted error of the court in refusing to give an instruction requested by plaintiff to the effect that the burden was on defendant to prove contributory negligence on the part of plaintiff by a preponderance of the evidence is without merit. In another instruction requested by plaintiff and given by the court the rule as to the burden of proof of contributory negligence was correctly stated.

The judgment is affirmed. The purported appeal from the order denying the motion for new trial is dismissed.