387 P.2d 594

W. H. FINDLEY, Plaintiff-Appellant,

v.

Karl WOODALL, Nelson-Deppe, Inc., and Foss and Holmes, Defendants-Respondents.

No. 9247.

Supreme Court of Idaho.

Dec. 20, 1963.

440

J. H. Felton, Lewiston, for appellant.

Clements & Clements, Lewiston, for Foss and Holmes.

Morgan & Morgan, Lewiston, for Karl Woodall and Nelson-Deppe, Inc

McFADDEN, Justice.

W. H. Findley, the appellant, instituted this action against the respondents seeking damages for personal injuries he claims to

have been occasioned by negligence of the respondents. In his complaint he alleges that the respondents were engaged in highway construction projects on the Lewis-Clark Highway, and as a part of the work it was necessary to replace a bridge at Dead Man creek; that on December 2, 1960, the respondents failed to place warning lights or sufficient warning markers to indicate that the road over the bridge was impassable and that use of a detour was necessary. He alleged that at 5:45 P.M., on that date and when darkness and foggy conditions prevailed, he was proceeding lawfully on the highway, but because of the negligence of the respondents in failing properly to place warning lights and warning signs, he suddenly came upon the open bridge and was forced abruptly off the highway, severely injuring himself.

Respondents Karl Woodall and Nelson-Deppe, Inc., were the prime contractors with the U. S. Bureau of Public Roads. The construction of the bridge at Dead Man creek was sub-contracted by them to the respondents Foss and Holmes, co-partners. Prior to trial, Mr. Foss died, and the action was discontinued as to him, but continued as to Mr. Holmes. The case was submitted to a jury on issues framed by appellant's complaint and the answers of the respondents. Verdict was returned in favor of the respondents, and judgment entered accordingly. Appellant's motion for new trial made after entry of judgment was denied, and appellant perfected this appeal from the judgment and the order denying his motion for new trial.

Appellant's first assignment of error is that: "The Court erred in refusing to allow Wiley Watkins, Sam Woods, Charles Crawford and Gene McCoy to testify fully upon rebuttal. Their evidence being competent and necessary to rebut the evidence of the defendants."

Appellant called in rebuttal the four witnesses mentioned in his assignment of error, three of whom had not previously testified. Watkins, after preliminary questions, was asked as to the condition of the road bed of the detour road during the month preceding the alleged accident. This query was objected to on the ground that it was a part of appellant's case-in-chief. This objection was properly sustained, as the condition of the detour road bed was a part of his case-in-chief, and appellant contending his injuries were sustained on the main road and not the detour. Another objection was interposed to a subsequent question on the ground the question was leading and suggestive to the witness. Again the court properly sustained such objection. Finally the witness was asked whether or not he saw anything in the area of the accident which would prevent the passage of a pickup. Objection was again interposed on the ground the question was leading, suggestive and called for a conclusion. Again

the court sustained such objection. Again the testimony sought to be elicited was a part of appellant's case-in-chief. Next Mr. Woods was called. None of the respondent's objections were sustained as to any questions asked this witness, and he was excused. The same was true as concerns the witness Crawford, for only one objection was interposed to questions asked him and appellant's counsel withdrew that question, and he too was excused.

After these three witnesses were excused, appellant then made an offer of proof that they would testify that during November, 1960, they passed the bridge frequently; that the detour road was so rough and rutted, trucks would have difficulty in passing through the detour, and that they saw no blinker lights and no signs indicating the detour. Objection to this offer of proof was made upon the ground the condition of the detour road was not an issue in the case, and that the question as to whether the witness saw no blinker lights or signs indicating a detour was a part of appellant's case-in-chief and not proper rebuttal.

■ This objection to the offer of proof was sustained. The permissible scope of evidence offered in rebuttal, as well as the order of proof at a trial, are both questions involving the exercise of sound judicial discretion by the trial judge. Unless the record discloses an abuse of such discre-

tion to the prejudice of a party, the trial court's rulings thereon must be upheld. Howay v. Howay, 74 Idaho 492, 264 P.2d 691; Lehman v. Bair, 85 Idaho 59, 375 P. 2d 714; Johnston v. Brewer, 40 Cal.App. 2d 583, 105 P.2d 365 (1940). In a comparable situation, the Supreme Court of Oregon, in apt language, stated in Freedman v. Cholick, Or., 379 P.2d 575, 578, (1963) :

> "That portion of the proffered testimony which the plaintiff sought to elicit from the building contractor, * * * was cumulative. Testimony on that score had been placed before the jury in the plaintiff's case-in-chief. While there would have been no reversible error in receiving cumulative testimony on rebuttal, neither would there be error in excluding it. The matter is discretionary."

■ Here that portion of the proffered testimony of these three witnesses dealing with the presence or absence of blinker lights and warning signs, during November, 1960, was cumulative to other testimony presented on appellant's case-in-chief. That portion of the testimony from these witnesses regarding the condition of the detour road was relevant only on a collateral issue, appellant not contending he ran off the detour road; it was of but little or no probative value to the main is-

sues of the case. The trial court did not err in excluding the evidence mentioned in this offer of proof.

The fourth witness mentioned in appellant's first assignment of error was Mr. McCoy, who had previously testified on appellant's case-in-chief. He was recalled as a witness on rebuttal and asked concerning whether he had moved appellant's tractor past Dead Man creek in December of 1960. Objection to this testimony was made on the ground it was improper rebuttal and repetition, which objection was sustained. Testimony had previously been submitted by appellant in his case-in-chief as to the moving of his tractor past the bridge. Inquiry was also made of this witness concerning a certain traffic citation he received, and the reason it was issued. Objection was interposed on the ground it was irrelevant, incompetent and immaterial. Upon such objection being sustained, an offer of proof was then made that the witness would testify that on December 1, 1960, while moving appellant's tractor the witness received the citation. This offer was denied. This proof, as was that of the other three witnesses mentioned in the assignment of error, was cumulative of previous testimony, or dealt with a wholly collateral point. No abuse of discretion appears in the trial court's refusal to admit it. Pauly v. King, 44 Cal.2d 649, 284 P.2d 487, 494 (1955); People ex rel. Department of Public Works v. Donovan, 57 Cal.2d 346, 19 Cal.Rptr. 473, 369 P.2d 1 (1962). There is no merit in the first assignment of error.

■ Appellant's second assignment of error reads: "The Court erred in refusing to give plaintiff's requested instructions. No. 1 and numbers 3 to 13 inclusive, as: such instructions correctly defined the law under the evidence in the case." Appellant supports this assignment by citation of Pittman v. Sather, 68 Idaho 29, 188 P. 2d 600, and argues such assignment in general terms. It should be noted this assignment includes appellant's requested instruction No. 9, which the court did in fact give, as the court's instruction No. 29. Examination of each of appellant's requested instructions together with the instructions given by the court, shows that in each instance where the point of law covered by the requested instruction was correctly stated, such point of law was fully covered by the instructions given to the jury. The principles of law discussed in Pittman v. Sather, supra, that a contractor constructing or repairing a highway has the duty to give such proper warning to the traveling public as the circumstances require, was fully explained by the court, as was the principle that a member of the traveling public, in the absence of reasonable warnings of unusual hazards has the right to assume a roadway to be safe from everything except the usual and ordinary traffic haz-

s. No error appears in refusal to give e requested instructions.

The third assignment of error is ected to the instructions given by the urt, Nos. 21 to 38, it being asserted they not correctly state the law, and that hey unduly accent and emphasize the duty f appellant. Such assignment of error wholly fails to point out where any specific nstruction erroneously stated the law. Examination of each of the instructions complained of indicates that they explained an independent subject relevant to the issues framed by the pleadings of the parties and the evidence developed on trial. It cannot be said that undue emphasis was placed on appellant's duties in the operation of his vehicle, for one of the principal defenses raised by the respective respondents was the contributory negligence of appellant himself.

Appellant's last assignment of error is directed to the court's order denying his motion for new trial and refusing to grant judgment notwithstanding the verdict. This motion was based on seven grounds. The first ground urged dealt with the same issue as the first assignment of error, and the third ground was commensurate with the issues presented by his second and third assignments of error; the fifth and sixth grounds were that the verdict was contrary to the law and evidence, and the seventh asked the court to consider the motion for new trial as a motion in the alternative for judgment notwithstanding the verdict. We are of the view the record discloses substantial and competent evidence to sustain the verdict. The previous discussion concerning the first three assignments of error disposes of first and third grounds for the motion.

The second ground presented by the motion for new trial asserted irregularity by the adverse party in particulars outlined in affidavits submitted with the motion, and the fourth ground also dealt with facts set out in these affidavits, claiming accident or surprise which ordinary prudence could not have guarded against. The affidavits in question were to the effect that one of appellant's witnesses had stated to or in the presence of the affiant that such witness had testified to facts that were not true and at variance with what he had initially told appellant and inferred he had been paid to change his testimony. This particular witness by his own affidavit categorically denied such charges, and stated that the testimony he gave was fully in accordance with the truth as he recalled it.

The grounds for a new trial are wholly statutory. Dayton v. Drumheller, 32 Idaho 283, 182 P. 102; Wright v. Stewart, 32 Idaho 490, 185 P. 69; Jenness v. Co-operative Pub. Co., 36 Idaho 697, 213 P. 351; I.R.C.P. 59(a). See also I.C. § 19–2406. I.C. § 10–602 sets forth the statutory

**446**

grounds for granting a new trail. The pertinent provisions of that section are:

"The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

1. Irregularity in the proceedings of the * * * adverse party * * * by which either party was prevented from having a fair trial.

2. * * *

3. Accident or surprise, which ordinary prudence could not have guarded against.

4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

5. * * * etc."

 Under the first subparagraph of the statute, it is necessary that the moving party show he was prevented from having a fair trial. In the instant action, appellant himself verified the statements made by the witness whose testimony he is now challenging. On cross-examination appellant testified:

"Q. Would you say that his testimony was accurate in that respect— what he testified to?

A. I think it is accurate inasmuch as he could see of it".

 As concerns the third a fourth subparagraph of the section, assur ing that the facts stated in the affidavi presented by appellant were true, and als assuming that such testimony came as surprise which ordinary prudence coul not have guarded against, appellant ha wholly failed to show that his substantial rights were materially affected. The testimony of the challenged witness was cumulative in effect to the testimony of other of appellant's witnesses. In Hall v. Jensen, 14 Idaho 165, 93 P. 962, this court pointed out that newly discovered evidence, which is merely cumulative or designed to contradict witnesses, is not sufficient to warrant the granting of a new trial. In that case it was further pointed out that the granting of a new trial is largely in the discretion of the court. The underlying reason for resting the granting or denial of a motion for new trial in the sound discretion of the trial court is the theory that the judge who tries the case, having the parties, their witnesses, and counsel before him, with opportunity to observe their demeanor and conduct during the trial, and noting the occurrences during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had and substantial justice done than the appellate court, that has be-

it merely the written record. State v. ⸱rison, 52 Idaho 99, 108, 11 P.2d 619; ⸱e v. McConville, 82 Idaho 47, 349 P.2d ⸱; Newman v. United States, 238 F.2d ⸱ (5th Cir.1956).

It is our conclusion that this record fails ⸱ disclose such manifest abuse of discre⸱ion on the part of the trial court as to re⸱quire granting of a new trial.

Judgment affirmed.

Costs to respondents.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.